## Gilfillan's Permit.

*Municipalities — Zoning ordinance — Cement building to take
place of lumber yard—Residential and business districts—Statutes
—Liberal construction.*

1. Under a zoning ordinance a permit should be granted for the
construction of a cement warehouse to take the place of an open
lumber yard, where it appears that the petitioner for the permit

had long conducted the business in the yard, and that the erection of the building would diminish the fire risk and would greatly promote the public safety, health and morals.

2. In such a case a permit should not be refused, because, in zoning the city, the line separating the residential and business districts ran through the yard, and the warehouse was to be erected in the residential portion of the yard; particularly is this so, where the zoning ordinance permitted such a variation, where the business or industry would not be detrimental to, or tend to alter, the character of the neighborhood.

3. The general tendency of the courts has been toward a liberal construction of legislation conferring power to create zoning ordinances in recognition of the changing needs of municipalities, due to growth and development, and to sustain such ordinances as a proper exercise of police power, where such can be done without arbitrarily infringing on the rights of individuals.

Argued October 4, 1927. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 136, March T., 1927, by City of New Castle, from judgment of C. P. Lawrence Co., Sept. T., 1926, No. 45, reversing decision of zoning board of appeals, in matter of permit of J. Clyde Gilfillan. Affirmed.

Appeal from decision of zoning board of appeals, refusing building permit. Before HILDEBRAND, P. J.

The opinion of the Supreme Court states the facts.

Decision reversed. City of New Castle appealed.

*Error assigned* was judgment, quoting it.

*Robert White,* City Solicitor, for appellant.—When a city lawfully establishes fire zones, it may require that thereafter all buildings and use of land within the zone, conform to the prohibitions of the ordinance: Kneedler v. Norristown, 100 Pa. 368; Respublica v. Duquet, 2 Yeates 493; Scranton v. Straff, 28 Pa. Superior Ct. 258; Euclid Ave. v. Ambler Realty Co., 272 U. S. 365.

*Clarence A. Patterson,* with him *J. Clyde Gilfillan,* for appellee.—The action of the zoning board of appeals, in refusing a permit, was an arbitrary and unreasonable restriction of the use by the appellee of his property, and was an improper exercise of the police power, and it was the duty of the court to declare this exercise of power to be invalid: White's App., 85 Pa. Superior Ct. 502; White's App., 287 Pa. 259.

OPINION BY MR. JUSTICE FRAZER, November 28, 1927:

Appellee is engaged in conducting a retail lumber business at the corner of Wilmington and Moody Avenues, in the City of New Castle. The land on which his business is conducted is part of a larger tract purchased in 1920 and laid out in building lots, of which he reserved a number of lots fronting on Wilmington and Moody Avenues for use in connection with his business. On several of these lots he erected buildings, the remainder being used by him for storing building materials. In 1926, appellee applied to the proper city official for a permit to erect a cement block warehouse to be used in connection with his business as a housing for lumber, cement and other building supplies, this warehouse to be erected on his land which was within the residential district. A permit being refused by the city engineer, this action was later sustained by the zoning board of appeals appointed under the city zoning ordinance. On appeal from the board's decision to the court of common pleas, the order of the board was reversed, after hearing testimony, and the board directed to issue a permit for the construction of the building. From this order the City of New Castle appealed.

That the proposed building, if constructed, would eliminate a number of undesirable features now attending the maintenance of the piles of lumber on the open lot, is apparent. The court below found there is more or less danger of the lumber, as now stored, falling into the street and onto the sidewalk, with greater fire hazard

from the open lumber pile than would exist if the property were enclosed in a building with fire proof walls, such as is proposed to be constructed; that the neighborhood in general would benefit by the elimination of an opportunity for undesirable persons to use the grounds as a rendezvous; that the building would not be detrimental to the neighborhood, but, on the contrary, render it more safe, clean and attractive in appearance, lessen the fire hazard, and not depreciate the value of property or render the surroundings unhealthy, being in many respects beneficial to health; further, the proposed construction when completed will not be objectionable to the neighborhood or prejudicial to the morals of the community. These findings are supported by ample testimony, and must be considered in passing on the action of the city officials, taken under the zoning ordinance which divides the city into districts, and locates the main place of business and buildings of petitioner in a business district and the remainder of his property used in connection therewith in a residential district in which structures of the character petitioner desires to erect are prohibited.

The power of municipalities to enact zoning ordinances has been the subject of considerable discussion in recent years, resulting in conflicting decisions in various jurisdictions, due mainly to the difference in constitutional provisions, under which the several statutes were enacted. The general tendency of the courts has been toward a liberal construction of legislation conferring power to create zoning ordinances, in recognition of the changing needs of municipalities, due to growth and development, and to sustain such ordinances as a proper exercise of police power, where such can be done without arbitrarily infringing on the rights of individuals. But inasmuch as the natural effect of ordinances of this description is to limit private rights in the interest of the public welfare, the exercise of the power must be carefully guarded and permitted only

in cases where the conditions and circumstances are such as to show the effect of the ordinance to be a reasonable and proper exercise of police power. The subject is considered by this court in Ward's App., 289 Pa. 458, and Liggett's App., 271 Pa. 109, and by the Supreme Court of the United States in Euclid Avenue v. Ambler Realty Co., 272 U. S. 365, in which the constitutionality of such ordinance is upheld as a proper exercise of the police power, provided they do not interfere with the use or control of private property without relation to the public safety, health, morals or general welfare, and also holding that the power to regulate does not extend to an arbitrary, unreasonable or unnecessary intermeddling with the ownership of private property.

The findings of the court below expressly negative every condition required to affirmatively appear, before the action of the board refusing a permit can be sustained. Instead of being detrimental to the safety, health or morals of the community, the findings distinctly demonstrate the building in question to have the opposite effect, tending to promote the public safety, health and morals. Petitioner's business had been established at its present location long before the passing of the zoning ordinance and was actively conducted at the time the ordinance went into effect; accordingly, as the property was then used for lawful purposes, the city was without power to compel a change in the nature of the use, or prevent the owner from making such necessary additions to the existing structure as were needed to provide for its natural expansion and the accommodation of increased trade, so long as such additions would not be detrimental to the public welfare, safety and health. The proposed building is not of a character to change the neighborhood, and, under the circumstances, to refuse a permit for its erection merely because, in zoning the city, the line separating the residential and business district ran

through the lot on which the plant is located would be sanctioning an arbitrary act without resultant benefit to the public welfare, safety and health.

The ordinance here in controversy, in prescribing the powers and duties of the board of appeals, made provision for conditions such as arose in this case by giving the board power, "in appropriate cases,......[to] authorize a variation of the application of the regulations herein prescribed, and for this purpose may cause a permit to be issued......for the enlargement of existing structures, or the erection, on the same lot or plot of ground, of additional structures for trade, business or industry located in a district restricted against its use where such enlargement or expansion of such trade, business or industry will not be detrimental to or tend to alter the character of the neighborhood."

The present case is one where the board, under authority conferred upon it by the above provisions of the ordinance, should have allowed an exception to the strict provisions of the ordinance and granted a permit for the additional structures to take care of the expansion of petitioner's business, and its refusal to do so was subject to review by the common pleas court in accordance with the practice prescribed by section 34 of the Act of April 27, 1925, P. L. 344.

The judgment is affirmed at appellant's costs.