## Jones v. Borough of Aldan

*Robert W. Beatty*, for plaintiff.
*George H. Class*, for defendant.

SWENEY, J., July 25, 1950.—Plaintiff owns a tract of land with a frontage on Springfield Road of 120.25 feet, 725 feet on the south line (of which the easterly

375 feet is on Pennsylvania Avenue and the balance of 350 feet is along the rear of certain residential properties built about 1940), the westerly line being 39.89 feet and with a northerly frontage on the right-of-way of the Pennsylvania Railroad of 700.67 feet. Under the Aldan Zoning Ordinance of 1947, the easterly end of this tract (with a frontage on the railroad of about 380 feet and a frontage on Pennsylvania Avenue of 375 feet) was classified for industrial purposes; the balance of the tract was classified R-1 residential. The ordinance also provided that plaintiff might use an additional 50 feet for industrial purposes.

The ordinance of 1931 had classified this entire tract for business and commercial use. In 1931 plaintiff purchased the property and, from time to time since, has erected buildings and facilities for use in his business.

The picture thus presented to us is a piece of land bounded on the west and south by a residential area, on the north by a railroad and on the west by plaintiff's business property; a piece of land entirely landlocked, with a depth of less than 40 feet at the westerly end. It is apparent that such a piece of land cannot be developed for residential purposes; its only residential use is as back yards to the dwellings to the south. However, with the railroad frontage and in conjunction with plaintiff's appeal, it has real value for commercial and industrial purposes. The land on the north side of the railroad and along Springfield Avenue is business and commercial. The railroad definitely sets the pattern.

We must conclude that, generally the Aldan Zoning Ordinance bears a substantial relation to the health, safety, morals and general welfare of the public; but, specifically, we cannot find that the operation of plaintiff's business has an adverse effect in these particulars.

The power to regulate must be reasonable and not extend to an arbitrary, unnecessary or unreasonable intermeddling with the private ownership of property:

White's Appeal, 287 Pa. 259. See also Gilfillan's Permit, 291 Pa. 358. Mere reduction in the value of land is not enough to render an ordinance confiscatory (Gracey v. Springfield Township, 37 Del. Co. 22), but here we have land which can be used by plaintiff in connection with his business or can be sold to adjoining owners to add to their rear yards; there is no other alternative.

The testimony shows that the land in question has not been used intensively by plaintiff in his business. From time to time, materials and merchandise have been stored on the lot in the open; vehicles, at times, have used part of this land to turn around. Defendant points out that any real use of this tract by plaintiff will be an extension or enlargement of his business and that while the business may be extended in scope, as the business increased in magnitude, it may not be so extended over ground not occupied at the time of the passage of the zoning ordinance. As applied to the facts here, we cannot agree with this reasoning. The case of Humphreys v. Stuart Realty Corporation et al., 364 Pa. 616, cited by defendant, as authority for this proposition, is hardly in point, as therein is discussed the extension of a nonconforming use to adjoining land, which was never used for such purpose before; the Supreme Court, held, in the circumstances, that a nonconforming business may not be so extended.

Here, however, the question for determination is not the extension of a nonconforming use, but the fair and reasonable use of land adjacent to a railroad and a business. We are of the opinion that it is improper to restrict to residential use such a property, where business is permitted on the front of such a lot and the rear is restricted to residential use, the application of such regulation should be held to be unreasonable: 62 C. J. S. 456-57.