Lance Appeal.

Argued October 1, 1959. Before JONES, C. J., BELL, JONES, COHEN, BOK and McBRIDE, JJ.

*Lewis Neilson,* with him *Kenney, Stevens, Hill & Clark,* for appellants.

*Robert H. Ireland,* for appellees.

OPINION BY MR. JUSTICE BELL, April 18, 1960:

The sole question involved is a narrow one. Did the lower Court, which reversed the Board of Adjustment without taking additional testimony, commit an abuse of discretion or an error of law in directing that a use permit for beer and malt beverages be granted to appellees.

Irwin R. Lance, Sr. erected in 1935 a three-story frame building in O'Hara Township, consisting of a basement, a first floor, and a second floor. Lance used this building as a home for himself and his family, and as a grocery store—the basement was used for storing food, the first floor was used as a retail grocery store and storage (of food) and a living room, and the second floor was used for living quarters for Lance and his family.

In 1950 the Township of O'Hara zoned the immediate area in which the store was located as a single family residential area.* Lance's property was the only commercial building in the immediate area, the rest of the properties being residential. The grocery store continued in operation as a lawful non-conforming use.

Irwin R. Lance, II, ceased living with his parents in 1950, although he frequently continued to help his father operate the grocery store. In September, 1957, Lance, II, leased the basement from his father, and he and his father secured a "distributor's malt beverage license" from the Pennsylvania Liquor Control Board and from the United States Government. The food which was stored in the basement was moved to the first floor, and all groceries and other foods were thereafter sold on the first floor. The basement was *sealed*

---

* On October 25, 1956, O'Hara Township enacted a new zoning ordinance which retained the area involved as a single family residential district, R-1.

*off* from the first floor and was used solely for the sale of beer, malt beverages, and soft drinks. The beer was sold in case lots to retail customers on a cash-carry or home delivery basis. There is a separate entrance to the grocery store, and a separate entrance to the basement where the beer is sold. Appellees applied for a use and occupancy permit under the zoning ordinance, contending that the beer distributorship was a lawful extension of a valid non-conforming use. Forty-seven out of forty-eight of the neighbors protested and the Board of Adjustment unanimously refused the permit. The Court, we repeat, without taking any testimony, reversed on the ground that the Board of Adjustment had abused its discretion.

The Legislature and the Courts have for many years drawn a distinction between food and beer. Beer is classified and controlled not as food, or liquor, but as a malt beverage. Liquor is in many respects considered to be sui generis in Pennsylvania. Certainly the sale of beer is not a customary item of the grocery or food business.

In the absence of a pertinent statute or ordinance, the question on appeal—where no testimony is taken before the lower Court—is whether the Board of Adjustment abused its discretion or committed an error of law. Cf. *Walker v. Zoning Board of Adjustment,* 380 Pa. 228, 234, 110 A. 2d 414; *Volpe Appeal,* 384 Pa. 374, 121 A. 2d 97. This beer distributorship was not a reasonable and valid extension of a non-conforming use in a single family residential area or district. It is clear that the Board of Adjustment did not clearly abuse its discretion or commit an error of law in refusing this proposed use permit. Moreover, the fact that petitioners had obtained a license from the Liquor Control Board did not relieve or absolve them from complying with the zoning ordinance. *Veltri Zoning Case,* 355 Pa. 135, 49 A. 2d 369.

314

The order of the lower Court is reversed, costs to be paid by appellees.