## Humble Oil and Refining Co. v. Radnor Township Board of Adjustment

*Crawford & Frazier* and *Morgan, Lewis & Bockius*, for appellant.

*John R. Graham*, for appellee.

TOAL, J., July 11, 1962.—This is an appeal from a decision of the Board of Adjustment of Radnor Township, which decision refused to grant the Humble Oil & Refining Company a variance to the Township Zoning Ordinance of 1928 for authorization to erect a motor vehicle service station in a C-1 commercial zone.

The property for which the variance was requested was 200 feet by 135 feet in size which was carved out

of a larger tract known as the Colket property. The Colket property is a 4.431 acre tract located at the northeast corner of Lancaster Avenue and Strafford Avenue, Wayne, Pennsylvania. It has a split personality as far as zoning regulations are concerned in that it is zoned C-1 commercial to a depth of 200 feet from its common boundary with Lancaster Avenue and R-4 residential as to the remainder. The portion upon which Humble desires to erect the service station occupies the southwest corner of the Colket tract at the corner of Lancaster and Strafford Avenues and is entirely within the C-1 commercial zone.

On May 15, 1961, Humble obtained an option to purchase the entire Colket property. Thereafter on July 12, 1961, the option was exercised and an agreement of sale was entered into between the owners of the property and Humble. At the time of the hearing before the board of adjustment, Humble was still the equitable owner of the property since no settlement had been held.

On July 14, 1961, Humble was about to make application to the township building inspector for a permit to erect a service station on the aforesaid site but withheld the application when its representatives were informed by the building inspector that its application would be denied because of pending ordinances which would prohibit such a use for this property. A service station use was permitted in a C-1 commercial district at that time.

Thereafter on September 26, 1961, the township board of commissioners amended the Zoning Ordinance of 1928 by adopting ordinance 1138 which eliminated motor vehicle service stations as one of the uses authorized in a C-1 commercial district. The amendment became effective October 15, 1961. Thereafter on November 1, 1961, Humble made application to the township building inspector for a permit to erect a motor

vehicle service station on the aforesaid site. The following day the application was refused for the reason that such a use was not authorized in a C-1 commercial district. Humble appealed this refusal to the board of adjustment requesting a variance from the Radnor Township zoning ordinance. The board held a hearing on November 30, 1961, and on January 12, 1962, filed its finding, opinion and order refusing the variance and sustaining the township building inspector. Humble appealed this decision to this court which forthwith issued a writ of certiorari directing the board to certify its entire record to this court. The record was returned and after inspection of the same by Judge Toal as required by Local Rule of Court 730, it was the opinion of the said judge and counsel of record that no additional testimony was necessary. By order of this court dated March 1, 1962, counsel were directed to prepare and file requests and law briefs and to present the same together with the entire record to the court. This order has been complied with and hence this opinion.

Where, on an appeal from the board of adjustment, no additional evidence is taken by the court of common pleas, the only question before said court is whether the board of adjustment abused its discretion or committed an error of law: In re Lance Appeal, 399 Pa. 311, 159 A. 2d 715.

Appellant, Humble, has attacked the validity of the Radnor zoning ordinance in prohibiting motor vehicle service stations as a use in C-1 commercial district, and it has a right to do so in this proceeding: Schmalz v. Buckingham Township Zoning Board of Adjustment, 389 Pa. 295, 132 A. 2d 233.

While there is a presumption that the zoning ordinance under consideration is valid (Whitpain Township v. Bodine, 372 Pa. 509, 94 A. 2d 737), this court is required to determine its reasonableness as a valid

exercise of the police power (Schmalz v. Buckingham Township Zoning Board of Adjustment, supra).

Humble desires to erect its motor vehicle service station on the southwest portion of the Colket tract, which portion is the northeast corner of Strafford Avenue and Lancaster Avenue. The site it will occupy will have a frontage of 200 feet on Lancaster Avenue and 135 feet on Strafford Avenue. It is bounded on the north by a portion of the Colket tract which contains the Colket dwelling house and which lies in two different districts under the zoning ordinance. That 40 feet immediately abutting the proposed service station site on the north lies within the C-1 commercial district while the remaining portion lies within the R-4 residential district. Abutting the Colket tract on the north is Windsor Avenue. There are residences on Windsor Avenue, the nearest one being 360 feet from the proposed service station. The properties fronting on the northerly and southerly sides of Lancaster Avenue for a distance of six and one-half blocks to the east and two blocks to the west from the proposed Humble station site lie within the C-1 commercial district.

To the east of the site on the northerly side of Lancaster Avenue there is vacant ground and two blocks away there is a motor vehicle service station. To the west of the site on the northerly side of Lancaster avenue and starting at the northwest corner of Strafford Avenue and Lancaster Avenue there is a bank, then a shopping center area consisting of many stores and a parking area, then Eagle Road and then a motor vehicle service station. This station therefore is just one block west of the Humble site.

On the southerly side of Lancaster Avenue directly across from Humble's proposed site there is a painting contractor's shop, a warehouse, a laundry and dry cleaning plant, a distributing company and a beer distributor's building. Within one block to the east on the

southerly side of Lancaster Avenue there is a motor vehicle service station. Approximately one block to the west on the southerly side of Lancaster Avenue there is another motor vehicle service station.

The other service stations mentioned above were erected prior to October 15, 1961, and prior to that time were authorized as a use by the Radnor Township Zoning Ordinance of 1928. Had not the ordinance been amended so that this use was eliminated, Humble would have been entitled to the issuance of a building permit to construct its proposed service station.

The original zoning ordinance and any amendments thereto must be enacted by virtue of a valid exercise of the police power: Putney v. Abington Township, 176 Pa. Superior Ct. 463, 108 A. 2d 134. There is a valid exercise of this power when the ordinance or an amendment thereto is necessary for the preservation of public health, safety, morals or general welfare and not unjustly discriminatory, or arbitrary, or unreasonable or confiscatory in its application to a particular or specific piece of property: Lord Appeal, 368 Pa. 121, 81 A. 2d 533.

Where the ordinance places a restriction on the use of a property that is not detrimental to the public health, welfare, morals and safety of the community then the police power has not been properly exercised.

In this particular matter it cannot be argued with any force that Humble's use of the property in question as a motor vehicle service station would adversely affect the health, welfare, morals or safety of the community. There is nothing in the evidence that establishes that the other service stations in close proximity to Humble's proposed one have done so, nor will Humble's proposed station do so: Meloney v. Zoning Board of Adjustment of Upper Darby Township, 46 Del. Co. 194.

Further, it would be unjustly discriminatory, arbitrary and unreasonable to deny Humble the right to use the proposed site, located in a commercial zone, for a service station while permitting other property owners within a block to use their property, located in the same commercial zone, for a service station: Coane v. City of Philadelphia, 16 D. & C. 159; Katz v. Marple Township Board of Adjustment, 46 Del. Co. 381.

The only reason mentioned for the enactment of an amendment eliminating motor vehicle service stations from a C-1 commercial district was the fear that Lancaster Avenue would become saturated with service stations. However, there was no evidence that the erection of the Humble station would cause the saturation point to be reached. The judge to which this matter was assigned has viewed the premises in question and the length of Lancaster Avenue in Radnor Township from its boundary with Lower Merion Township to its boundary with Tredyffrin Township, but was not left with the impression that Lancaster Avenue was saturated with service stations.

It was also observed that there are almost as many restaurants and eating places on Lancaster Avenue as there are service stations, yet there does not seem to be any fear that Lancaster Avenue would become saturated with restaurants and eating places. There is no evidence on the record establishing why a discrimination should be made between service stations and other businesses, i.e., restaurants and eating places.

Therefore, the Radnor Township zoning ordinance as amended is unconstitutional and invalid insofar as it applies to the property in question. Therefore, we make the following:

*Decree Nisi*

And now, July 11, 1962, it is ordered and decreed that:

1. The appeal of Humble Oil & Refining Company from the Board of Adjustment of Radnor Township be and the same is hereby sustained.

2. Radnor Township and its building inspector are directed to issue a building permit so that Humble Oil & Refining Company may erect and operate a motor vehicle service station on the property set forth in its application on the northeast corner of Strafford Avenue and Lancaster Avenue subject to the condition that the lights to be erected on the site shall be erected in such a way as not to interfere with surrounding residences.

### Order

The prothonotary is directed to give notice immediately to the parties or their attorneys of record of the filing of the decree nisi, and if no exceptions are filed thereto within 20 days after service of such notice, to enter, upon praecipe, the said decree as a final decree.