## Appeal From Wormleysburg Borough Zoning Board of Adjustment

*John E. Slike,* for appellant.
*Horace A. Johnson,* for respondent.

SHUGHART, P. J., November 6, 1968.—Appellant is the owner of a tract of land situate on Front Street in Wormleysburg in this county which has been utilized since 1936 as a gasoline service station. In 1938 the borough enacted a zoning ordinance in which the area in which the service station was located was zoned R-2, under which service stations are not permitted. Appellant has been operating the service station as a nonconforming use.

On January 24, 1968, appellant applied for permit to remove the existing building and replace it with a new colonial type facility. The new station would utilize the area occupied by the present service station and, in addition, two lots 25 feet x 150 feet located adjacent to and immediately south of the station. These lots, which appellant has under a contract or option to purchase, presently have erected thereon two semi-detached dwelling houses and sheds.

The original lot fronted 100 feet on Front Street, which is a major highway designated as U. S. 11 and 15. The lot extends at an even width 150 feet to an alley in the rear. If the additional ground may be utilized, the new service station would be 150 feet x 150 feet and would occupy the northwest corner of the intersection of Front and Chestnut Streets. Appellant applied for a building permit which was rejected and thereafter appellant applied for a variance to the Board of Adjustment of the borough. Following a hearing, a decision was rendered refusing the variance. Appellant applied for a writ of certiorari which was issued. The record has been returned, the matter has been argued, and is now before us for decision.

The first question presented is whether a nonconforming use may be expanded to an area unoccupied by the nonconforming use at the time of the enactment of the zoning ordinance.

A number of Pennsylvania cases have permitted owners to expand or extend facilities upon land owned by a nonconforming user at the time of the enactment of the ordinance: Humphreys v. Stuart Realty Corporation, 364 Pa. 616; Peirce Appeal, 384 Pa. 100; Mack Zoning Appeal, 384 Pa. 586; Gilfillan's Permit, 291 Pa. 358.

Only one case has been cited to us which involves the extension of a nonconforming use to property acquired after the enactment of the applicable zoning ordinance. In that case, South Philadelphia Dressed Beef Company v. Zoning Board of Adjustment, 391 Pa. 111, the application for variance was refused. There, the lower court bottomed its decision on appellant's failure to prove that the proposed use would not be contrary to the public interest and that unnecessary hardship would result if the variance was not granted. The Supreme Court quoted extensively from the opinion of the court below and did not directly consider the question of the extension of a noncon-

forming use to land acquired after enactment of the ordinance. We cannot concur with the view expressed by counsel for appellant that the variance would have been granted in that case but for the findings of the court below that the proposed addition was contrary to the public interest and that the applicant had not made out a case of unnecessary hardship.

There are two basic reasons for the continuance of nonconforming uses under zoning ordinances. The first is that it avoids the imposition of a great hardship upon the property owner. The second is because the refusal to permit the continuance of a nonconforming use would be of doubtful constitutionality: Gilfillan's Permit, supra; Hanna v. Board of Adjustment, 408 Pa. 306, 312. Neither of these reasons would justify the extension of a nonconforming use to land acquired after the enactment of the ordinance, and therefore cannot operate in this case of and in itself to warrant the grant of the variance. Appellant's application must therefore stand on the same footing as if he were applying for a variance to erect a service station upon the newly acquired lot.

Appellant contends that he has met the burden of showing that hardship will result if the variance is not allowed and that the granting of the variance will not be detrimental to the public interest. At the hearing before the board, appellant introduced testimony to show that when erected in 1936, the present facility was suitable for its purposes, but that present day traffic requires a greater frontage so that the traveling public has more opportunity to observe the station and select it for use. It is pointed out that the present zoning ordinance requires a minimum frontage of 125 feet for service stations, whereas appellant's present frontage is only 100 feet, and because of this the approaches to the pumps are narrow and too close to the sidewalk. He contends that the additional 50-foot front

would remedy this situation and further, that while the present facility is obsolete and does not present an attractive appearance, this would be corrected. Evidence was also offered that unless the facility is enlarged, it is likely that the volume of gasoline business would decline which would force the owner into utilizing the land for a different type activity which might include heavier type of repairs and the painting of vehicles which would make the facility more objectionable. We need not here determine if this change in use would be permissible. Evidence was also offered that the two semi-detached houses which would be razed in the expansion are older and are deteriorating, and that the new colonial type service station would be more attractive than the present edifices. Accepting all these allegations at their face value simply proves that a greater financial benefit will accrue to appellant by way of an increase in his business if the variance is granted. This does not constitute "unnecessary hardship". In Cresko Zoning Case, 400 Pa. 467, 470, the court said:

"The familiar requirements for a variance are set forth thus in the Richman case by Mr. Justice Benjamin R. Jones: 'The sole justification for the grant of a variance is that a strict application of the terms of the zoning statute will result in an "unnecessary hardship", and even then, the variance can be granted only if "the spirit of the ordinance shall be observed; the public health; the public safety; and the general welfare secured; and substantial justice done." He who seeks a variance has the burden of proving justification for its grant. The "hardship" which must be proven must be an "unnecessary", not a "mere" hardship, as well as "unique or peculiar to (the property involved) as distinguished from the impact of the zoning regulations on the entire district". The fact that an increase or decrease in value will result from

the grant or refusal of a variance will not, standing alone, constitute a sufficient hardship' ". See also Cooper v. Board of Adjustment, 412 Pa. 429.

In light of these authorities, we conclude that appellant has failed to prove such unnecessary hardship as would warrant the grant of the variance.

It appears that the present service station is surrounded entirely by residential districts and residential property. Under these circumstances, we conclude that the mandate that a variance can be granted only if "the spirit of the ordinance shall be observed; the public health; the public safety; and the general welfare secured; and substantial justice done" has not been met.

ORDER

And now, November 6, 1968, for the reasons set forth in the foregoing opinion, the appeal from the refusal to grant a variance to appellant is dismissed and the action of the zoning board of adjustment is sustained. An exception is noted.