**Commonwealth v. Graham**

*Alfred Antonelli,* for Commonwealth.

*Sigmon, Briody & Littner,* for defendant.

PER CURIAM, February 7, 1972.—This matter is before the court on petitioner's exceptions to an order of court dated June 14, 1971, dismissing the appeal of Hugh Graham from a conviction by District Magistrate Joseph E. Martin for violation of the Lower Saucon Township Zoning Ordinance, section 62-R-40, which outlines the uses to which property within an R-40 District may be put. The dismissal and adjudication of guilt were grounded on the fact that defendant

had failed to apply for permit to enlarge or extend a prior existing nonconforming use pursuant to section 104-C-20 of the zoning ordinance.

Petitioner contends that in denying and dismissing the appeal from conviction, the learned hearing judge committed error, contrary to law, in that:

(a) Petitioner's use of his property for square dances is a valid prior existing nonconforming use protected by due process of law.

(b) The increase in the number of dances held since the time of the adoption of the Zoning Ordinance in November 1963 is a permissible natural growth and expansion of the valid prior nonconforming use, and as such is protected by due process of law.

(c) The Zoning Ordinance of Lower Saucon Township is unconstitutional in that it limits enlargement or extension of prior nonconforming uses to those "intended or designed . . . at the effective date of the Ordinance."

(d) Maintenance of the natural expansion of the prior nonconforming use is in no way detrimental to the public health, safety, morals or general welfare.

Petitioner's points (a), (b) and (d) have already been reached in the opinion of the learned hearing judge. We consider that opinion sufficiently dispositive of these issues and hereby adopt it as that of the court en banc in the present matter.

This leaves for consideration petitioner's claim that the zoning ordinance is unconstitutional and that, therefore, noncompliance with its strictures cannot be the basis of an adjudication of guilt.

Section 94-C-10 of the ordinance provides that:

"A nonconforming use shall not be enlarged or extended, except as provided in Sections 104-C-10 and 104-C-20."

The validity of section 104-C-10 is not here in question. Section 104-C-20 provides in applicable part:

"(The Board of Adjustment is hereby specifically empowered): To grant a permit for the enlargement or extension of a nonconforming use . . . provided such enlargement or extension was arranged, intended or designed for such nonconforming use at the effective date of this ordinance. . ."

It is petitioner's contention that section 104-C-20 is unconstitutional in that it limits enlargement or extension of prior nonconforming uses to those "arranged, intended or designed . . . at the effective date of the ordinance. . ." Specifically, the question for consideration is whether section 104-C-20 imposes too severe a restriction on the natural growth and expansion of a prior nonconforming use, thereby violating due process of law; or, conversely, whether it is a valid exercise of the police power restricting the natural growth and expansion doctrine: Silver v. Zoning Board of Adjustment, 435 Pa. 99, 255 A. 2d 506 (1969); Gilfillan's Permit, 291 Pa. 358, 140 A. 136 (1927); Euclid Avenue v. Ambler Realty Co., 272 U. S. 365 (1926).

The police power of the State is the greatest and most powerful attribute of government. As a specific application of that power the zoning power is one of the tools of government which, in order to be effective, must not be subjected to judicial interference unless clearly necessary; and for this reason a presumption of validity attaches to the exercise of the power: Appeal of Gro, 440 Pa. 552, 269 A. 2d 876 (1970); Cleaver v. Board of Adjustment, 414 Pa. 367, 200 A. 2d 408 (1964); National Land and Investment Co. v. Board of Adjustment of Easttown Township, 419 Pa. 504, 215 A. 2d 597 (1965); Anstine v. Zoning Board of Adjustment, 411 Pa. 33, 190 A. 2d 712 (1963). The

power, however, is not unlimited. The limitation on the exercise of the zoning power requires that regulations be enacted for the health, safety, morals or general welfare of the community and that they not be unreasonable, arbitrary or confiscatory: National Land and Investment Co. v. Board of Adjustment of Easttown Township, supra, Pa. 419 at 522-523; Cleaver v. Board of Adjustment, supra.

Nonconforming uses, being inconsistent with a basic purpose of zoning, are not favored by the law; and their extension and enlargment are not encouraged. It is the policy of the law to closely restrict nonconforming uses and to strictly construe provisions in zoning ordinances which provide for their continuance so that they be reduced to conformity as quickly as is compatible with the law and the Constitution: Hanna v. Board of Adjustment of Forest Hills, 408 Pa. 306, 183 A. 2d 539 (1962).

In applying the foregoing to section 104-C-20 of the ordinance under review, we think it apparent that the spirit of section 104-C-20 is entirely consistent with the policy as announced in Hanna, supra. The only question, then, is whether it is arbitrary or unreasonable? We find that it is not. Since a nonconforming use is frozen as of the date of enactment of the zoning ordinance, it is not unreasonable that the circumstances surrounding the use as they pertain to intended expansion be considered. Although inquiries into intent at the time of enactment may present problems as to proof, that is not enough to invalidate the section. The courts which have considered this very question have reached the same conclusion.[1] Regulations of the kind in question are designed to prevent abuses of zoning process wherein a landowner, under the guise of the natural growth and expansion

[1] See Hoffman v. Zoning Hearing Board, 34 Lehigh L. J. 126 (1971); Rotelle v. Lower Gwynedd Twp., 91 Montg. L. R. 387 (1969).

doctrine, seeks to circumvent the policy against continuation and expansion of nonconforming uses by either: 1. Changing an existing nonconforming use to a different nonconforming use; or (2) expanding an existing use by making out a post facto hardship case. In all probability, the only effective way to prevent such abuses is to require an objective indication of the commitment of the property to a particular use at the time of enactment of the zoning ordinance.

In conclusion, petitioner herein has not met the burden of producing any convincing reasons to overcome the presumption of validity attached to section 104-C-20. Therefore, we agree with the learned hearing judge that petitioner's failure to make application under section 104-C-20 is dispositive of his appeal.

Accordingly, the court enters the following:

## ORDER OF THE COURT EN BANC

And now, to wit, February 7, 1972, the exceptions of petitioner, Hugh Graham, to the order of court are overruled and dismissed. The court en banc affirms and adopts the order of court dated June 14, 1971, and further adopts the discussion contained in the opinion filed therewith.