## Commonwealth v. Young

*William F. Morgan,* for Commonwealth.
*Joseph Maffa, Jr.,* for defendant.

WOLFE, P. J., March 8, 1972.—This is an appeal by defendant from his conviction and fine of $100 in the Magistrate Court for violation of the Warren County zoning ordinance on a finding that defendant stored commercial vehicles and machinery, commonly used in business, in a residential district.

Defendant is the owner of 16 acres of land situate in Mead Township purchased by him in 1946. This property is located on what is locally known as "Brown Run Road" and as it intersects with Legislative Route 59. The premises are generally located in a rural area.

Since defendant's acquisition of the premises, he has conducted saw mill operations thereon consisting of the mill, together with the usual machinery and vehicles. On October 10, 1963, defendant entered into a lease agreement with the Commonwealth of Pennsylvania, Department of Highways, to permit parking of highway trucks and equipment on defendant's property where it forms the intersection with Route 59. This lease has been continuously in existence and the highway has continued, from time to time, to use the westerly end of defendant's property for parking facilities of its equipment.

On December 4, 1964, defendant acquired additional property contiguous and to the east of his 16 acres. This deed was recorded on July 19, 1966, and is the parcel of land now in dispute.

Specifically, defendant is charged with violation of article 15, sec. 1500, Parking, of the Warren County Zoning Ordinance, effective October 15, 1965. This section provides no machinery, equipment or commer-

cial vehicle with a rated capacity in excess of one ton, commonly used in business, shall be parked or stored out-of-doors in a residential district.

While defendant's 16-acre tract is used for commercial purposes, it is situated in a residential zoned district and now constitutes a nonconforming use. The purchase of December 4, 1964, was obviously purchased by defendant prior to the zoning of the area in which the property is located to a residential district and, as stated, this latter purchase is contiguous to defendant's 16-acre tract upon which the saw mill and the highway lease is located.

Defendant, of course, argues the use of the latter purchase is a continuation of a nonconforming use and consequently there is no violation of the zoning ordinance.

The Commonwealth's position is that defendant never, in fact, used the latter purchase for storage of commercial vehicles and the land had grown over with brush and was generally not used by defendant for any purpose except it had situate thereon an old grader and junk truck.

Defendant admittedly cleared off the brush in August of 1971 and filled the area, and has permitted commercial parking of vehicles in excess of one-ton weight.

It is apparent that, if defendant's use of the latter purchase does not fall within the category of a non-confirming use, he is in violation of the ordinance.

The Commonwealth argues, notwithstanding the commercial use by the Highway Department admittedly prior to the adoption of the zoning ordinance, that this does not permit defendant to enlarge the use by permitting a third party on the property for similar use.

From a review of the cases on this question of ex-

pansion of a nonconforming use, we cannot conclude the law should be so narrowly interpreted. It is not the identity of the party using the property but rather the nature of the use that is controllable. Also, we think the Commonwealth has overlooked the purchase date of the property and the fact it is contiguous to defendant's other property, both of which were purchased by the defendant prior to the adoption of the zoning code. Obviously, if the property were purchased subsequent to the adoption of the code, we would hold with the Commonwealth as there would be an apparent violation of the use of this latter purchase. The zoning officer's testimony indicates he filed the original complaint on the basis of the recorded date of defendant's latter purchase. The recording date does not control.

Defendant is not here using his property in a different manner in any way from its use prior to the adoption of the zoning code, although he admittedly expanded that use.

The cases hold an addition of a new, nonconforming use to an existing nonconforming use is in violation of zoning ordinances that do not make provision for such additions. This question was resolved in Mignatti Appeal, 403 Pa. 144 (1961), wherein the court prohibited the addition of a bituminous concrete mixing plant to a nonconforming operation quarry and stone crushing plant, holding the proposed use was not accessory to, or a reasonable enlargement or extension of, the existing use.

The Warren County zoning ordinance is silent concerning land nonconforming uses. Section 1503 of the ordinance spells out permissible extensions or expansions of the uses of structures in a nonconforming district; consequently the court is relegated to the case law in this respect. We are of the opinion we need

not resolve the question of the use of the new purchase since it antedated the ordinance and was admittedly being used by defendant for parking purposes for his own industry and also leased by him to the Department of Highways. The current use of additional parking on the opposite end of defendant's property is not a "new" use of his entire property. See McDevitt v. Warminster Township Zoning Board of Adjustment, 48 D. & C. 2d 739 (1970), and Hanna v. Board of Adjustment, 408 Pa. 306 (1962), as well as Lance Appeal, 399 Pa. 311 (1960), wherein the court held premises used in a nonconforming district as a home and grocery store on the first and second floors and after the adoption of the zoning ordinance the basement was used as malt beverage distribution violated violated the zoning code and was not a valid extension of a nonconforming use. The court found a distinction between food and beer.

In the case now under consideration, defendant is not changing the use of his property but is merely extending the same use. Extensions, although not favorites of the law, are permitted as vested rights. See Philadelphia v. Angelone, 3 Com. Ct. 119 (1971), and Gilfillan's Permit, 291 Pa. 358, 140 Atl. 136 (1926).

The complainant's main argument against the proposed use is the creation of additional noise and dust as well as the increase of truck traffic on Brown Run Road. The evidence does not establish that the use of the property is of such a magnitude or intensity that would endanger the health, morals or safety of surrounding residents. The Commonwealth's witnesses admitted Brown Run Road was heavily traveled by commercial vehicles prior to the present use of defendant's property.

We conclude defendant's property was acquired prior to the adoptive date of the zoning ordinance and

was used for industrial and commercial purposes and has continued as a nonconforming use subsequent to the adoption of the ordinance without change of use or new use and, therefore, make the following

## ORDER

And now, to wit, March 8, 1972, the decision of the magistrate is reversed and defendant is found not guilty as charged, and the prothonotary is directed to enter the decision of record and release the bail of defendant. Exceptions noted to the Commonwealth.