### Lower Saucon Township v. O'Donnell Auto Body

*Alfred Antonelli,* for plaintiff.
*Leonard Cohn,* for defendant.

GRIFO, J., July 27, 1972.—This matter is before the court on the appeal of defendant, O'Donnell Auto Body, from a conviction by District Magistrate Joseph E. Martin for violation of section 64-R-12 of the Lower Saucon Township Zoning Ordinance.

The Lower Saucon Township Zoning Ordinance was adopted November 19, 1963. Section 64 deals with R-12 districts and outlines the uses to which property within an R-12 district may be put. The property of defendant lies within an R-12 district, and it is its use of the property as an auto body repair shop which is the issue in this appeal.

Section 94 provides for nonconforming uses and nonconforming buildings and structures. Section 94-B-10 states that "any lawful use occupying any building, structure, lot or land at the time of the effective date of this ordinance or any amendment thereto, which does not comply, after the effective date of this ordinance or any amendment thereto, with the use regulations of the district in which it is situated, may be continued on the building or structure, or upon the lot or land so occupied." Section 94-C-10 provides that "a nonconforming use shall not be enlarged or extended, except as provided in Sections 104-C-10 and 104-C-20." (These sections allow for variances on application to the board of adjustment. No such application is involved in this case.)

Defendant's position is that the operation of an auto body repair shop on its property is permissible as a pre-existing nonconforming use under this section of the ordinance.

The record shows that from November 19, 1963, the effective date of the ordinance, until January 15, 1971, the subject premises were operated as a pre-existing nonconforming use, to wit, gasoline filling station and garage, by defendant's predecessor in title, Anthony August. Mr. August's business operations consisted primarily of servicing automobiles and trucks with gasoline and lubricants, making mechanical repairs and inspecting vehicles. It also appears that Mr. August did minor auto body repairs, but only

sporadically and/or in the nature of repairing cancer spots in connection with Pennsylvania vehicle inspection requirements.

On January 15, 1971, title to the subject premises was transferred to Michael O'Donnell, trading as O'Donnell Auto Body, defendant herein. From that date, Mr. O'Donnell has operated the subject premises primarily as an auto body repair shop. It appears from Mr. O'Donnell's own testimony that over 60 percent of his operation is devoted to body repairs. The remainder of his business is of the same sort as was conducted by Mr. August.

Initially, we point out that the criminal complaint in this matter charges defendant with a violation of section 30-B-530 of the ordinance. That section merely defines a nonconforming use and is not directory or penal. The complaint should have charged a violation of section 64-R-12. However, since no objection was raised to the sufficiency of the complaint at the time of hearing before the district magistrate, we consider defendant's motion to dismiss the complaint on this appeal untimely.

In support of its position on the merits, defendant contends that since section 30-B-260 of the ordinance, which defines a public garage, allows general reconditioning of vehicles and draws no distinction between mechanical repairs and body repairs, defendant's use of the subject premises as an auto body repair shop does not constitute a use different from Mr. August's use of the premises and that, therefore, defendant's use is permissible as the continuation of a prior nonconforming use under section 94-B-10 of the ordinance. We disagree.

The use of the property which section 94-B-10 of the ordinance protects is the use which was in existence at the time of the passage of the ordinance, but it offers no protection to a use different from the use in

existence when the ordinance was passed: Upper Darby Township Appeal, 391 Pa. 347, 138 A. 2d 99 (1958); Lance Appeal, 399 Pa. 311, 159 A. 2d 715 (1960). The use in existence on the effective date of the ordinance was mechanical repair and inspection and selling gasoline and lubricants. Body repair was done only irregularly as incidental to the general operation of a filling and service station. Mr. O'Donnell's subsequent use of the subject premises, as a body shop, however, amounts to a principal nonconforming use added to a prior nonconforming use. It was Mr. O'Donnell's own testimony that his body repair business is conducted in addition to the general operation of a filling and service station and that it amounts to more than 60 percent of his total operation. Under these circumstances, we would be hard pressed to find that the use as an auto body repair shop is anything but a new use and not merely a continuation or expansion of a prior nonconforming use. As such, defendant's use is not within the protection afforded by constitutional principles to existing nonconforming uses and is prohibited: Hanna v. Board of Adjustment, 408 Pa. 306, 183 A. 2d 539 (1962); Mignatti Appeal, 403 Pa. 144, 168 A. 2d 567 (1961).

Accordingly, the court enters the following

## ORDER

And now, to wit, July 27, 1972, the appeal is denied and dismissed. Defendant is adjudged guilty and directed to appear for sentence before this court at 9:30 a.m. on Monday, August 21, 1972, unless defendant pays the fine of $25 and the costs in the amount of $11, or directs the clerk to deduct from the appeal costs filed said sums in payment thereof, which action shall be considered a consent by defendant to the imposition of such sentence in his absence.