Jay B. Goettler, Appellant, *v.* Zoning Board of Adjustment of the City of Butler, Appellee, and City of Butler, Pauline Schmoker, Mary A. Riddle, Mrs. Robert Nienstedt, James Faber and Wilda Faber, Intervening Appellees.

Argued May 9, 1974, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*David W. Craig,* with him *Robert N. Hackett* and *Baskin, Boreman, Wilner, Sachs, Gondelman & Craig,* for appellant.

*Martin J. O'Brien,* for appellees.

OPINION BY JUDGE ROGERS, June 19, 1974:

We are here called upon to decide whether the court below, which took evidence, committed an error of law or abused its discretion in upholding an order of the Zoning Hearing Board of the City of Butler denying the appellant's application for permission to use a portion of his property as a place to park, load and unload tractor-trailers.

The appellant, Jay R. Goettler, owns and conducts, as a lawful nonconforming use, a beer distributorship in the R-3 Residential zoning district of Butler. He has parked, loaded and unloaded tractor-trailers serving his business from adjacent Locust Street. Finding this arrangement inconvenient, Mr. Goettler installed a garage door in the wall of one of his buildings and constructed a driveway therefrom to another public way, Franklin Street. The property adjacent to the garage door on which the Goettler trucks were to be parked and over which they were to pass, then used for residential purposes, was not owned by Mr. Goettler. His application for a variance from zoning regulations not here in issue was properly denied. Mr. Goettler then acquired the property, and now maintains that he may use it for the purpose intended— that of parking, loading, unloading, and moving tractor-trailers.[1]

The appellant's case rests on Section 1351.06(f) of Butler City's zoning ordinance, providing: "Nonconforming uses in residence zones may acquire immediately adjacent property to provide off-street parking facilities, provided that such off-street parking facilities are screened from adjacent residential uses by a solid board fence or permanent evergreen hedge or

---

[1] The engines of the tractor-trailers, which vehicles should be positioned for loading or unloading, would be about three feet from a neighbor's dwelling house.

masonry wall six feet in height, and painted or maintained in a neat and orderly manner. No illumination of such parking facilities shall reflect onto or spill over onto any adjacent residential property."

The appellant principally contends (1) that the loading and unloading of tractor-trailers is accessory to the now permitted use of the property for off-street parking, and (2) that the ordinance in requiring subsequently established businesses to have off-street parking and those with gross floor area exceeding 2400 square feet and involving the receipt or distribution of merchandise to have loading spaces, imply that off-street parking facilities may also be used for loading. We disagree. Section 1351.06(f) is quite specific in limiting the use of adjacent property to off-street parking facilities. It seems to us that the phrase "off-street parking facilities" as applied to a commercial enterprise, commonly describes an accommodation for automobiles of customers, not the loading facilities of the owner. Butler City's ordinance is consistent with this understanding. It provides definitions of both loading and parking. Section 1301.29 defines the former as "an off-street space . . . for the temporary parking of a commercial vehicle while loading or unloading of merchandise or materials . . .''; and Section 1301.39 defines a parking space as one "within a building lot or parking lot for the temporary parking or storage of one automobile." Clearly, the loading activities of a store are not accessory to its customer's use of its off-street parking facility.

We are unable to draw the inference that because Butler's zoning regulations exempt some new businesses from providing loading spaces in addition to off-street parking facilities, nonconforming enterprises may establish loading docks on acquired adjacent property permitted to be used for off-street parking. Such a construction of the regulations would be inconsistent

to the "policy of the law to closely restrict nonconforming uses and to strictly construe provisions in zoning ordinances which provide for the continuance of nonconforming uses." *Hanna v. Board of Adjustment*, 408 Pa. 306, 313, 183 A. 2d 539, 543 (1962).

Although the appellant's case has been ably briefed and argued, it remains, we believe, within the holding of *Atria, Inc. v. Board of Adjustment of Mt. Lebanon Township*, 438 Pa. 317, 264 A. 2d 609 (1970).

Affirmed.