40

Earl Lindenmuth, Mayor, Borough of Ringtown, Appellant *v.* Ringtown Enterprises, Inc. and Circle City Rentals, Inc., Appellees.

Argued December 5, 1975, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Frank J. Toole, Jr.*, with him *Frank J. Toole, Sr.*, and *Toole and Toole*, for appellant.

*Joseph P. Semasek,* for appellees.

OPINION BY JUDGE ROGERS, January 19, 1976:

This is an appeal by the Borough of Ringtown from an order of the Court of Common Pleas of Schuylkill County sustaining the appeals to that court of Ringtown Enterprises, Inc. and Circle Rentals, Inc. from judgments of fines imposed by a magistrate in summary conviction proceedings. The offense charged to the instant appellees was that they "did violate the zoning ordinance of the Borough of Ringtown by changing, without notice to the Zoning Officer of the Borough the use of its [sic] building located at Spring and Centre Streets from a storage facility to a terminal and repair facility for tractor-trailer trucks." The court below concluded, after hearing, that the appellees had not changed the use of the building in question. We affirm the action of the court below sustaining the appeals, but on grounds different from that relied on by the lower court.

As noted, the offense charged was that of changing the use of the building without notice to the Zoning Officer. The complaint filed with the magistrate avers that the action complained of constituted a violation of Section 800, Subsection 2 of the Borough Zoning Ordinance. The section cited provides pertinently that a nonconforming use may be changed to another nonconforming use only upon determination by the Borough Zoning Hearing Board, after public hearing, that the new use will be no more detrimental to the neighborhood than the old; it says nothing about notice to the Zoning Officer. Moreover, the Township Zoning Officer testified below that the appellees in fact filed an application to change the use of the building and that she had refused permission for the change. It is clear, therefore, that the appellees did not, as the complaint alleged, change the use without notice to the Zoning Officer, assuming that the Zoning

Ordinance, the full text of which is not supplied with the record certified to us, requires such notice at some place other than Section 800, Subsection 2. The appellees were therefore improperly convicted and fined for committing the offense described in the complaint.

We are constrained, however, to remark that we do not agree with the lower court that the Borough failed to prove a change of the use of the building from one nonconforming use to another. At the time of the adoption of the Ringtown Borough Zoning Ordinance in September 1962, the use made by the then owner of the the building in question was for the storage of farm equipment when not in use on the farm operated by him at or near the location of the building. At sometime earlier than September 1962, the building had been used as a so-called bit shop—that is, as a place where oil well bits were repaired—but this use had been discontinued sometime prior to adoption of the Zoning Ordinance. The record also clearly establishes that in or about July 1974, at or about the time the appellees made their application for the change in use, they began to use the building as a repair shop and terminal for tractor-trailer trucks. This was clearly a change of nonconforming use which Section 800, Subsection 2 of the Ordinance provided should be made only after hearing and approval by the Zoning Hearing Board, which was never received. The case illustrates the fact that municipalities are usually better advised to seek in equity to enjoin continuing violations of their Zoning Ordinances rather than to invoke the summary conviction process to punish offenders.

Order affirmed.