Ringtown Enterprises, Inc. and Circle City Rentals, Inc., Appellants *v.* Borough of Ringtown, Appellee.

Argued February 2, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Joseph P. Semasek*, for appellants.

*Frank J. Toole, Jr.*, for appellee.

OPINION BY JUDGE MENCER, March 27, 1978:

This is an appeal from an order of the Court of Common Pleas of Schuylkill County, sitting in equity, enjoining Ringtown Enterprises, Inc., and Circle City Rentals, Inc. (defendants) from using their real estate

and building as a terminal and repair facility for tractor-trailer trucks. We affirm.

In 1962, the Borough of Ringtown passed an ordinance designating the area in which the property in question is located as "R-1 Residence District, designed to accommodate separate family structures." At the time the ordinance was passed, the real estate and building were owned and used by George Huss solely as a storage place for farm machinery and drill-bit-repair equipment. This nonconforming use continued until Mr. Huss conveyed the property to the defendants in 1969. Sometime thereafter, the defendants, by their own admission, began to use the real estate and building as a storage and *repair* facility for *tractor-trailer trucks*.

Section 800(2) of the zoning ordinance provided, *inter alia*:

> A nonconforming use all or partially conducted in a building . . . may be changed to another nonconforming use only upon determination by the Board of Adjustment, after public hearing, that the proposed new use will be no more detrimental to its neighborhood and surroundings than the use it is to replace.

No such determination has ever been made by the Board of Adjustment regarding the defendants' property.

The chancellor concluded that the defendants had changed a permissible nonconforming use to a nonpermissible nonconforming use without complying with the zoning ordinance. He therefore entered a decree nisi enjoining the use of the property as a "terminal and repair facility for tractor-trailer trucks." A final decree dismissing the defendants' exceptions and affirming the decree nisi was entered by the Court of Common Pleas of Schuylkill County on December 13, 1976.

The defendants argue that because their use of the property was commercial and/or industrial in nature, as was the use made of the property by Mr. Huss when the zoning ordinance was passed, there has been no "change" in use within the meaning of the ordinance. This argument is without merit. It is the policy of the law to closely restrict nonconforming uses. *Hanna v. Board of Adjustment*, 408 Pa. 306, 183 A.2d 539 (1962). "The use of the property which the ordinance protects, or 'freezes', is the use which was in existence at the time of the passage of the ordinance . . . but it offers no protection to a use *different* from the use in existence when the ordinance was passed." *Id.* at 313, 183 A.2d at 543 (emphasis in original). The evidence before the chancellor clearly indicated that truck traffic to and from the facility at all hours of the day had substantially increased, prompting numerous complaints from area residents. Thus, the use made of the property by the defendants is materially different from the prior use and was such as to require the approval of the Zoning Board of Adjustment. *See Lindenmuth v. Ringtown Enterprises, Inc.*, 23 Pa. Commonwealth Ct. 40, 350 A.2d 216 (1976).

Defendants also argue that they attempted to apply to the Board of Adjustment for approval of the change in use but that the zoning officer improperly refused to accept the application. The application itself is part of the record before us and clearly supports the chancellor's finding that it was an application to erect an addition to the existing building, not an application for a change in use. The application itself indicates that the *present* use of the property was a "Repair Facility and Storage Warehouse." The form provides several labeled blocks for the applicant to check to indicate the nature of the application. While the block labeled "Addition" was checked by the

defendants, the block labeled "Change of Use" was not. The chancellor's conclusion that an appropriate application was never submitted is therefore amply supported by the record.

Order affirmed.

ORDER

AND Now, this 27th day of March, 1978, the final decree of the Court of Common Pleas of Schuylkill County, dated December 13, 1976, is hereby affirmed.