Mike Abbot, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued November 20, 1980, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*Paul V. Mahoney, Buck, Margolis, Mahoney & George,* for appellant.

*Gerald R. Solomon,* District Attorney, for appellee.

OPINION BY JUDGE PALLADINO, February 5, 1981:

This is an appeal by Mike Abbot (appellant) from an order of the Court of Common Pleas of Fayette County which found appellant guilty of a summary violation of the Fayette County Zoning Ordinance (ordinance). The offense charged to appellant was for "[o]peration of business in incorrect zone without required zoning certificate." The lower court, after a hearing de novo, found that the appellant's use of the subject premises constituted an improper change and extension of a prior nonconforming use and, as such, was violative of the ordinance. We affirm.

In January, 1963, Fayette County passed an ordinance designating the area in question as R-2 (Medium Residential). The lower court found that for several years prior to the enactment of the ordinance, the premises were used by the owners, Mr. and Mrs. Hill, "for the purpose of repairing and maintaining trucks, vehicles and construction equipment, welding, body work, mobile homes, cement work, a car wash, construction of special equipment, rental work and a machine shop...." The lower court further concluded from the evidence presented that the vast majority of maintenance and repair work was performed on equipment and vehicles owned by the Hill Equipment Company, a corporation solely owned and operated by Mr. and Mrs. Hill, and not for the benefit of the general public. It is undisputed that upon the death of her husband in 1976, Mrs. Hill leased the premises first to a Mr. Nedrow and later to the appellant, and that both tenants used the property to operate an auto body repair shop which was open to the general

public. While the lower court admits that a valid nonconforming use may have existed after passage of the ordinance in 1963, such use was for the maintenance and repair of vehicles owned by the Hill Equipment Company, and does not include an auto body shop which solicits its entire volume of business from the general public.

Appellant raises two issues for our consideration: (1) Was there substantial evidence to support the lower court's finding that the premises were used substantially for the maintenance and repair of vehicles owned by Hill Equipment Company; and (2) Is the current use of the property an improper extension of a prior nonconforming use which would prohibit appellant from conducting business without first obtaining a zoning permit.

After a careful review of the testimony presented, we believe that there was substantial evidence to support the lower court's finding. Mrs. Hill testified on cross-examination that in addition to storing and repairing vehicles belonging to Hill Equipment Company, Mr. Hill was willing to repair private vehicles "[i]f he had the time to fit it into his schedule...." The fact that Mr. Hill accepted business from the general public only when his schedule permitted leads us to believe that the bulk of his time was spent maintaining his own vehicles. In addition, Mr. Nagle, a neighbor who testified for the Commonwealth, stated that to his knowledge there was never a public auto body shop on the property prior to the appellant's lease of the premises.

Where the lower court received additional evidence, we must affirm unless that court abused its discretion or committed an error of law. *Baird v. Slippery Rock Borough Zoning Board,* 20 Pa. Commonwealth Ct. 236, 340 A.2d 904 (1975). The burden is on the appellant to prove that the prior noncon-

forming use existed and that the operation of an auto body shop for the general public is part of that use. *Little v. Abington Township Zoning Hearing Board,* 24 Pa. Commonwealth Ct. 490, 357 A.2d 266 (1976). While the testimony from both sides is confused and contradictory, we cannot say that the lower court's conclusion as to the prior use of the property is unreasonable or not supported by substantial evidence.

Accordingly, there remains for our determination whether or not appellant's use of the property constitutes an improper change or extension of a prior nonconforming use in violation of the ordinance.

While nonconforming uses have long been recognized as a valid means of preserving a particular use of property which existed prior to the enactment of a zoning ordinance, it has also been the accepted standard to strictly construe any changes or extensions of nonconforming uses. *Hanna v. Board of Adjustment,* 408 Pa. 306, 183 A.2d 539 (1962).

> The use of the property which the ordinance protects, or 'freezes', is the use which was in existence at the time of the passage of the ordinance or the change of a use district ... but it offers no protection to a use *different* from the use in existence when the ordinance was passed.

*Id.* at 313, 183 A.2d at 543. (Emphasis in original.) "Thus, any expansion must be reasonable, it must not lead to the creation of a new nonconforming use, it must only be that which is absolutely necessary, and it must not be inconsistent with the public interest." *Township of Kelly v. Zoning Hearing Board of Kelly Township,* 36 Pa. Commonwealth Ct. 509, 512, 388 A.2d 347, 349 (1978). (Citation omitted.)

We must agree with the lower court that the use of the property by the appellant is materially different from the prior use by Hill Equipment Company.

Although both uses were commercial in nature, this factor alone cannot overcome the substantial dissimilarity in that the prior use was primarily confined to the storage and repair of the owner's private business vehicles, while the present use depends entirely upon solicitation of business from the general public. *See Ringtown Enterprises, Inc. v. Borough of Ringtown,* 34 Pa. Commonwealth Ct. 349, 383 A.2d 1292 (1978); *Lindenmuth v. Ringtown Enterprises, Inc.,* 23 Pa. Commonwealth Ct. 40, 350 A.2d 216 (1976).

Since the appellant's activity does not constitute the continuation of a prior existing nonconforming use, we must agree that he has violated the ordinance by operating a business in a residential zone without the required zoning certificate.

Accordingly, we will enter the following

ORDER

AND Now, February 5, 1981, the order of the Court of Common Pleas of Fayette County, docket No. 219 of 1979 S.D., dated March 3, 1980, finding Mike Abbot guilty of a summary violation of the Fayette County Zoning Ordinance is affirmed.