## Wyrock v. Zoning Hearing Board of Bensalem Township

*Stanton L. Kelton III,* for plaintiff.
*Emil F. Tofton,* for defendant.

GARB, November 19, 1981—In this zoning appeal appellants challenge the determination by the Zoning Hearing Board of Bensalem Township that the decision of the zoning officer refusing a certification of nonconforming use be affirmed. Appellants likewise challenge the refusal by the board of their application for a dimension variance. The dispositive question herein is whether appellants

have established a nonconforming use. We decide that the board did not err in this determination and that question is dispositive of this appeal.

The Bensalem Township Zoning Ordinance was enacted in 1954 and although amended several times thereafter, not relevantly hereto. The premises in question is located at 910 Simons Avenue and is identified as tax parcel 2-61-213. By virtue of the 1954 ordinance it was zoned R-2. The premises is improved by one-half of a twin dwelling house and two outbuildings. One of the outbuildings was a large quonset hut and due to its disrepair appellants removed it and began the construction of a larger building without applying for a building permit. The construction was halted by the zoning officer who, on January 4, 1980, rejected appellants' application for building, zoning and use permits. Appellants appealed that decision to the zoning hearing board requesting a certification of nonconforming use and a variance. It was the order of the board rejecting these applications which constitutes the subject of this appeal.

From 1947 to 1953 one of the outbuildings was used as a hosiery manufacturing business. From 1947 to 1951, the other of the outbuildings was used as an automobile body repair shop. In 1952, appellants' predecessor in title acquired the property and established a newspaper delivery service therefrom. He used the property continuously for that purpose until 1972 for the purpose of delivery of newspapers, storage of newspapers as well as storage and repair of the motor vehicles he used in that business. He spent approximately 15 hours per week in the repair and maintenance of his own motor vehicles. At no time during that period of time was the property utilized as an automobile body or mechanical repair shop for any vehicles other than those belong-

ing to the property owner. Appellants acquired the property on August 18, 1972 and then began to use the property as an automobile body repair shop servicing the public at large, a portion of which endeavor was the painting of motor vehicles inside the building, but not in a specially constructed paint stall with appropriate exhaust facilities.

A nonconforming use is one which is established prior to the enactment of the zoning ordinance: Township of Haverford v. Spica, 16 Pa. Commonwealth Ct. 326 (1974); Di Nardo v. City of Pittsburgh, 15 Pa. Commonwealth Ct. 279 (1974) and Camaron Apartments v. Zoning Board of Adjustment of Philadelphia, 14 Pa. Commonwealth Ct. 571 (1974). It is the policy of the law to restrict closely nonconforming uses and to construe provisions in zoning ordinances strictly which provide for the continuance of such uses: Ringtown Enterprises, Inc. v. Borough of Ringtown, 383 A. 2d 1292 (Pa. Commonwealth Ct. 1978); Lawrence v. Zoning Hearing Board of Lower Gwynedd Township, 19 Pa. Commonwealth Ct. 128 (1975) and Goettler v. Butler Zoning Board of Adjustment, 14 Pa. Commonwealth Ct. 10 (1974). The burden of proving the existence of a nonconforming use rests upon the property owner: Municipality of Penn Hills v. Zoning Hearing Board, 431 A. 2d 383 (Pa. Commonwealth Ct. 1981). As stated in Hanna v. Board of Adjustment, 408 Pa. 306 (1962): "A basic purpose of zoning is to insure an orderly physical development of the city, borough, township or other community by confining particular uses of property to certain defined areas. With such a purpose non-conforming uses are inconsistent (citation omitted). The continuance of non-conforming uses under zoning ordinances is countenanced because it avoids the imposition of a hardship upon the prop-

erty owner and because the refusal of the continuance of a non-conforming use would be of doubtful constitutionality." However, it was further stated in Hanna as follows: "The use of the property which the ordinance protects or 'freezes', is the use which was in existence at the time of the passage of the ordinance or the change of a use district (citations omitted) but it offers no protection to a use *different* from the use in existence when the ordinance was passed. The latter does not render the ordinance invalid. The non-conforming use which is within the orbit of protection of the law and the Constitution is the non-conforming use which exists at the time of the passage of the zoning ordinance or the change in a use district under a zoning ordinance, not a *new* or *different* non-conforming use." (Emphasis supplied.)

Bearing these standards in mind, we are satisfied that the appellants herein have failed to establish a nonconforming use. At the time of the enactment of the zoning ordinance and at all relevant times thereafter the property in question was zoned R-2, a district in which an automobile body repair shop is not permitted. At the time of the enactment of the ordinance and until 1972 the property was used as a newspaper delivery service by motor vehicles with the storage of the vehicles and newspapers upon the premises. Admittedly storage, maintenance and repair of the vehicles used in this business were done upon the premises. However, that consumed approximately 15 hours per week. We are satisfied that the board did not err in finding that this limited automobile repair activity constituted a substantial difference from the operation of a business dedicated to automobile body repair for the public in general as a commercial enterprise. Although both activities are commercial in nature, they are disparate in the extreme.

Article XI, §1100, sub-section 1 of the Bensalem Township Zoning Ordinance of 1954 as amended provides:

"1.  Continuation. Any lawful use of a building or land existing at the effective date of this ordinance may be continued although such use does not conform to the provisions of this ordinance."

We are satisfied that the board correctly construed this section of the township zoning ordinance.

We believe that Abbot v. Commonwealth, 56 Pa. Commonwealth Ct. 482, 425 A. 2d 856 (1981) is closely on point. The facts of that case were that in January, 1963 Fayette County passed a zoning ordinance designating the area in question as R-2 (medium residential). Several years prior to the enactment of the ordinance the then property owners used the premises for the purpose of repairing and maintaining trucks, vehicles and construction equipment, welding, body work, mobile homes, cement work, a car wash, construction of special equipment, rental work and a machine shop. The vast majority of such maintenance and repair work was performed on equipment and vehicles owned by the then owner. In 1976, the then owners leased the premises to a Mr. Nedrow and later to appellant and both tenants used the property to operate an auto body repair shop which was open to the general public. The lower court was affirmed by the Commonwealth Court in its finding that the use made of the premises at the time of the zoning ordinance was nonconforming but was for the maintenance and repair of vehicles owned by the property owner only and did not include an auto body repair shop soliciting its entire volume of business from the general public. The case now before us is even stronger than Abbot because there the court

found that the previous property owner did do some limited repair of private vehicles "[i]f he had the time to fit it into his schedule. . ." "The fact that Mr. Hill accepted business from the general public only when his schedule permitted leads us to believe that the bulk of his time was spent maintaining his own vehicles." Abbot at page 858. The Commonwealth Court concluded in stating: "We must agree with the lower court that the use of the property by the appellant is materially different from the prior use by Hill Equipment Company. Although both uses were commercial in nature, this factor alone cannot overcome the substantial dissimilarity in that the prior use was primarily confined to the storage and repair of the owner's private business vehicles, while the present use depends entirely upon solicitation of business from the general public." (Citations omitted.) See also Ringtown Enterprises, Inc. v. Borough of Ringtown, supra.

For the foregoing reasons we are satisfied that the board committed no abuse of discretion or error of law and its decision must therefore be affirmed.

There is no need to address the denial of the variance request.

ORDER

And now, November 19, 1981, it is hereby ordered that the decision of the zoning hearing board is sustained and the appeal dismissed.