William J. Daley *v.* The Zoning Hearing Board of Haverford Township et al. Township of Haverford, Appellant.

Argued April 6, 1983, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Kenneth A. Clouse, Beatty, Young, Clouse & Lincke,* for appellant and intervenor.

*Robert B. Surrick, Surrick and Gollatz,* for appellee.

Opinion by Judge MacPhail, June 16, 1983:

William J. Daley (Applicant) applied for an amusement license under Ordinance 1788 of 1980 (Ordinance), Haverford Township (Township) Delaware County, Pennsylvania, to permit the installation of four or more electronic amusement devices at his movie theater located at 34 Brookline Boulevard in the Township.[1] The Code Enforcement Officer (CEO) of the Township denied the application for the amusement license and Applicant appealed to the Township Zoning Hearing Board (Board) which af-

---

[1] It appears from the language of the Ordinance that a license would not be required unless more than three amusement devices were to be installed.

firmed the CEO's determination. The Applicant then appealed the Board's order to the court of common pleas where the Township intervened.[2] No additional testimony was presented to the trial court; however, it reversed the Board's order and ordered that Applicant be granted the license. It is from the trial court's decision that the Township appeals.

The pertinent facts of the case are not in dispute. The subject premises is located in a C-2 Neighborhood Commercial District which does not permit a movie theater use; however, a movie theater has been operated on the Applicant's premises continuously from a point in time prior to the enactment of the Township's first zoning ordinance in 1925. Under that ordinance, the area in which the subject premises is located was zoned as H-Business which allowed "places of amusement, recreation or assembly" to be maintained. On October 15, 1974, that zoning ordinance was amended and the area in which the subject premises is located was rezoned to a C-2 designation. The movie theater remained in operation thereafter as a valid nonconforming use since the property was a conforming use under the 1925 ordinance.

While the application before the Board concerns the installation of four electronic amusement devices to be placed in the front of the theater where ice cream had formerly been served, the record discloses that if the application is granted, Applicant would be free to install as many such devices as he would desire in any part of his building upon payment of the requisite fees.

At present, the theater offers one show Monday through Thursday at about 8:00 P.M. and two shows

[2] The Township intervened pursuant to Section 1009 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §11009.

Friday, Saturday and Sunday at approximately 7:00 P.M. and 9:00 P.M. The proposed hours of operation of the electronic amusement devices would be 3:00 P.M. to 10:00 P.M. Monday through Thursday and 3:00 P.M. to 11:00 P.M. Friday and Saturday.

Brookline Boulevard is in a neighborhood consisting of retail stores and other commercial businesses and is an area categorized as a ''bad situation'' by the Board.

Section 5D of the Ordinance provides as follows:

Any premises or places of business primarily or substantially devoted to the display or maintenance of mechanical devices or pool tables shall be subject to provisions of the Zoning Ordinance relating to indoor recreational or amusement facilities. For the purposes of this sub-section, any premises upon which are displayed or maintained more than three (3) mechanical amusement devices and/or pool tables shall be considered as being substantially devoted to the display or maintenance of mechanical amusement devices or pool tables.

The CEO refused to grant the license because the placement of four amusement devices would constitute an impermissible use of the premises under the zoning ordinance.

Applicant claims that the license he seeks should be granted to him as a matter of right, in that the placement of the amusement devices in the theater would be a continuation of a valid nonconforming use. He contends that the nonconforming use of the subject premises is as ''a place of amusement, recreation or assembly as provided under the Zoning Ordinance of 1925.'' The Board found that the use of part or all of ''the subject premises as an arcade for electronic game devices is not a continuation or enlargement of the present legal nonconforming use as a movie the-

ater'' and that the proposed use would be detrimental to the health, safety and welfare of the community. The Board reasoned that the placement of the amusement devices was in fact an entirely different use which was not necessary to the operation of the theater and which was inconsistent with the public interest. On the basis of those findings, the Board concluded that the proposed use is not a permitted use in a C-2 Neighborhood Commercial District and refused to issue the amusement license.

The trial court found that the Board abused its discretion and committed errors of law. The trial court specifically held that ''there is for all practical purposes no difference between the existing use and the use to which the property is proposedly [sic] changed.'' The Court reasoned that:

The use of 34 Brookline Boulevard since before 1925 has been for indoor recreation and amusement facilities. As such, the property was a conforming use under the 1925 Ordinance which allowed places of amusement, recreation or assembly in the H-Business Zoning District. The Appellant would have been permitted to install audio-visual amusement devices as a matter of right in his place of amusement in the old H-Business Zoning District. His rights have not been diminished in any respect now that the zoning district has changed and he has a nonconforming use. Restrictions imposed by a zoning ordinance must be strictly construed and an ordinance may not be construed so as to restrict the use of land by implication Klein v. Lower Macungie Twp., 39 Pa. Cmwlth. 81, 395 A.2d 609 (1978). Giving a broad interpretation to the type of use of the subject property, which is required by the law in light of the fact that the zoning ordinance does not differentiate between

types of amusements, the Court concludes that the present use of the subject property is legally indistinguishable from the use proposed by the Appellant.

Where, as here, the trial court did not hear additional evidence, we must focus our review on the Board's decision to determine whether the Board has either abused its discretion or committed an error of law. *McGeehan v. Zoning Hearing Board of Springfield*, 45 Pa. Commonwealth Ct. 403, 407 A.2d 56 (1979).

We agree with Applicant's contention that the first issue to be resolved is the precise nature of the nonconforming use, *i.e.*, is it as a theater or as a place of amusement, recreation or assembly? "[T]he nonconforming use which is within the orbit of protection of the law and the Constitution is the nonconforming use which exists at the time of the passage of the zoning ordinance or the change in a use district under the zoning ordinance, not a *new* or *different* nonconforming use." *Hanna v. Board of Adjustment*, 408 Pa. 306, 313-14, 183 A.2d 539, 543-44 (1962) (emphasis in original). Our examination of the record in this case indicates that the use of the subject premises in the intervening years between 1925 and 1974 was as a theater and, although the owner testified that there were some live shows and live music "in the past", the principal use of the premises in 1974 was as a movie theater. While there is little doubt that a movie theater is a place of amusement and indoor recreation, we cannot agree with the Applicant and the trial court that because the ordinance of 1925 failed to differentiate among types of amusement or recreation, *any* use which now qualifies as an amusement or as recreation would be a permitted use. We think, rather, that a movie theater is a distinctive use permitted in 1925 *as* an amusement.

Having reached the conclusion that the valid non-conforming use status of Applicant's property is limited to its present use as a movie theater, we must next determine whether the proposed electronic game room constitutes a continuation of the current nonconforming use. We conclude that it does not.

As we have noted, there is no constitutionally protected right to change a nonconforming use to another use which is also not allowed by the zoning ordinance. *Hanna.* Moreover, an *additional* nonconforming use may not generally be appended to an existing nonconforming use. *Mignatti Appeal,* 403 Pa. 144, 168 A.2d 567 (1961); *see also* R. Ryan, Pennsylvania Zoning Law and Practice §7.6.2 (1981).

The electronic game room proposed in the instant case will be primarily an arcade where people put money into machines to play games. This is a use different than a theater where people pay a fee to be entertained while they sit passively in the seats for which they have paid an admission fee. Customers of a movie theater are indoors and their movement is generally restricted to the theater itself for a fixed period of time, usually two hours or more. Participants in a video game amusement vary over short periods of time and come and go as they please. The Board took proper note that should the requested license be granted, the entire theater could be converted for the use of electronic amusement devices. Under such circumstances, we cannot say that the Board abused its discretion in finding that the use of "all or part of the subject premises as an arcade for electronic game devices is a use different from the present legally non-conforming use."

Our final inquiry is whether the granting of the application would conform with the zoning ordinance of 1974 relating to indoor recreational or amusement facilities. Our examination of that ordinance dis-

closes that it permits indoor recreational or amusement facilities as a special exception in C-3, C-4 and C-5 Districts but not in C-2 Districts. Since a premises housing more than three electronic amusement devices would come within the classification of a recreational or amusement facility and since such facilities are not permitted in C-2 Districts by special exception or otherwise, the Board committed no error of law when it refused to grant the application.

Order reversed.

## ORDER

It is ordered that the order of the Court of Common Pleas of Delaware County dated April 28, 1982, and numbered 81-20508 is hereby reversed.