## Clayton v. Zoning Hearing Board of Northampton Township

*Thomas R. Hecker*, for appellant.
*Robert C. Steiger*, for appellee.
*E. Dillwyn Darlington*, for intervening appelles.

MIMS, *J.*, July 21, 1983—Robert W. Clayton has appealed the decision of the Northampton Township Zoning Hearing Board affirming a cease and desist order issued by a zoning officer with respect to the operation of a fuel oil business illegally in a residential zone, and also that board's denial of his request for a variance.

Briefs were filed by appellant Clayton, appellee Zoning Hearing Board, and intervening appelleees' Robert and Dorothy Sempsey, Richard and Margaret Bernhardt, James and Lorraine McCrudden Joseph and Karen Rosella, and Robert and Anna Mae

McIntyre, who are adjacent property owners to the premises owned by appellant. The issue of whether appellant is entitled to a variance by estoppel or by vested right was argued before the court en banc on May 16, 1983.

In the appeal before us, we reviewed the record before the zoning hearing board and took no additional evidence. Accordingly, our function is limited to determining whether the board committed a manifest abuse of discretion or an error of law in denying appellant's request for a variance. Pyzdrowski v. Pittsburgh Board of Adjustment, 437 Pa. 481, 236 A.2d 426 (1970); Getman v. Zoning Hearing Board of Northampton Township, 58 Pa. Commw. 536, 428 A.2d 80 (1981).

The zoning hearing board made the following findings of fact which are supported on the record: The property in question consists of 1.681 acres located at 189 Rocksville Road, Holland, Pa. Appellant and his wife obtained property consisting of 4.6 acres, including the propery in question, by deed dated July 21, 1972 from George Noe. The prior owner, Mr. Noe, a builder, purchased 129 acres, which included the subject property, by deed dated January 29, 1953. Under the Northampton Township Zoning Ordinance of 1948, the tract was zoned R-1, and that ordinance did not permit any type of commercial activity. There is no evidence of any business use predating the 1948 ordinance. From 1953 until 1969, when appellant entered into an agreement of sale with the Noes, the property was used as a single-family residence, office for a building contractor, storage of equipment and various sized trucks, as well as the use of the property for several years by the Northampton Fire Department as a substation for parking fire trucks.

The Claytons agreed to occupy the property prior to settlement, and took over the property in May or June of 1969. From that time until 1975, appellant continued to conduct a general contracting business on the premises. He inquired at the township building regarding his ability to operate his business on the premises, and testified before the board that nothing was said to him to indicate that he could not proceed with the purchase.

In the course of conducting the general contracting business, appellant stored equipment and trucks on the property and supplied building materials.

In late 1975, appellant incorporated and began operating a fuel oil delivery business. Since December 1975, the property has been used continuously for the operation of the fuel oil delivery business. The business has advertised in the Yellow Pages since 1976, and advertised its incorporation in the Advance in 1975. Appellant has two service vehicles and two delivery trucks in operation for the fuel oil business together with two back-up trucks. There is also on-site fuel oil transfer equipment. The business engages nine employees, seven of whom are family members.

The Zoning Ordinance of 1977 classified the use of the property as R-2. No application has ever been filed for permission to use the property for a business.

In 1977, appellant prepared a subdivision plan for the 4.61 acres into five lots. Neither the subdivision application or plan indicated that appellant had any nonconforming use on the property.

One of the purchasers of a subdivided lot was told by appellant, prior to the sale of the lot, that no business was being conducted on the property. Another purchaser was told by appellant, prior to sale, that

appellant's fuel oil business was in Langhorne, and that the truck was only on the property for occasional emergency deliveries. The purchaser was given appellant's business card with the Langhorne post office box number. Another purchaser testified that he asked why the lot was being sold and appellant responded he was buying or starting a fuel oil business in Langhorne. The Langhorne location advertised on business cards and on appellant's trucks is in fact only a post office box.

Lot no. 4 has not been sold and contains 30,000 square feet. Lot no. 5 is the property in question that has the dwelling, the barn, the apartment and garages, and other outbuildings, and contains 1.681 acres. Under the zoning ordinance of the Township, appellant is required to have a minimum lot size of 80,000 square feet in order to use the property as desired.

The fire marshall has inspected the property and its use and rendered an opinion that it meets all safety requirements and does not have any undue hazard to the immediate neighbors or the surrounding community that is not customary to above ground storage of gasoline.

The testimony of various neighbors indicates that some are concerned about the traffic, noise, odors and safety, and others find nothing offensive about appellant's use of the property.

Appellant testified that he invested $150,000 to $200,000 in the fuel oil business, but offered no substantiating testimony or evidence. It was noted by the board that the Claytons own property on Bristol Pike in Morrisville, Pa., where trucks are stored.

We believe that the evidence fully supports the denial of a variance. On pages 9 and 10 of its decision the board stated:

Mr. Clayton presumably will content (sic) that he is entitled to a variance to operate an oil business on

his property because he has a "vested right" to continue his illegal activities or because the Township is "estopped" from denying the variance. Those principles are rarely applied, since basically the illegal user is asserting — "You should have stopped me sooner". The cases involve an innocent user over a long period of years, usually operating under an illegal permit from the municipality. Mr. Clayton clearly has not brought himself within them.

Appellant assumes that, once a nonconforming use commences, it can be changed to any other nonconforming use for the purposes of claiming a vested right to a variance, or estoppel from denial of a variance. The board rejected this contention, concluding that the fuel oil business which began in 1975 is materially different from appellant's illegal use as a contracting office. The earlier use of the property involved only the storage of equipment and trucks, and the maintenance of an office. The record reflects that truck traffic to and from the property has materially increased since 1981, and that the property is being used as a fuel oil depot. Under the holding of Ringtown Enterprises, Inc. v. Borough of Ringtown, 34 Pa. Commw. 349, 383 A.2d 1292 (1978), cited by the board in its decision, where there is a legal nonconforming use that has been changed to another nonconforming use, the ordinance offers no protection to a use different from the use in existence when the ordinance was passed.*

Appellant contends that the general contracting business and the fuel oil delivery business are simi-

*In the Ringtown Enterprises case, there was a legal nonconforming use of the premises as a storage place for farm machinery and equipment that had changed to a storage and repair facility for tractor-trailer trucks. The court found that, due to the increased truck traffic to and from the facility, the

lar in nature as they relate to the use of the premises, and that evidence of acquiescence by the Township during the earlier use may be applied to the use which began in 1975. In support of his position, he cites the cases of Sheedy, Appellant v. The Zoning Hearing Board of Adjustment, 409 Pa. 655, 187 A.2d 907 (1963); Heidorn Appeal, 412 Pa. 570, 194 A.2d 349 (1963); and Township of Haverford v. Spica, 16 Pa. Commw. Ct. 326, 328 A.2d 878 (1974). Variances by estoppel, or on the basis of vested right, were granted by the courts in these cases, each of which involved an illegal use which continued for a significant period of time without complaint by the municipality, and innocent reliance by the owner upon the inaction of the municipality.

Here, the illegal use relevant began in 1975, and the record reflects that from December 1975 until 1979, appellant was trying to conceal the use of the property by parking the fuel oil trucks behind the barn, by having the trucks bear Langhorne numbers, and by advertising another location. Though familiar with zoning board procedures, at no time did appellant seek a permit, nor did he disclose his nonconforming use to the Board of Supervisors. Furthermore, appellant represented to two lot purchasers that his fuel oil business was in Langhorne, and the trucks were on the property only for occasional emergency deliveries. It is obvious that the clear awareness or acquiescence by the township and the innocent reliance of the owner upon the township's inaction is not present here, thus making this case distinguishable from the Sheedy, Spica and Heidorn cases.

---

use made of the property was materially different, thus requiring zoning approval.

Mere inaction by a municipality will not justify a variance to permit the continuance of an unlawful use, at least in the absence of direct injury to an owner who is completely innocent. Bevans v. Township of Hilltown, 72 Pa. Commw. 227, 457 A.2d 977 (1983); Milewski v. City of Philadelphia, 27 Pa. Commw. 59, 365 A.2d 680 (1976).

In order to establish a right to a variance, an applicant must prove unnecessary hardship upon and which is unique or peculiar to the applicant's property, as distinguished from the hardship arising from the impact of a zoning classification on the entire district, and that the variance will not be contrary to the public safety, health, morals or general welfare. Joseph B. Simon & Co. v. Zoning Board of Adjustment 403 Pa. 176, 168 A.2d 317 (1961).

There is no testimony indicating that any money was invested in converting this property for the fuel oil business, or that appellant would be unable to operate his business from another location. Furthermore, the property is still viable as a residence.

After reviewing all of the evidence in this matter, we find that the board did not abuse its discretion or commit an error of law in finding that appellant was not entitled to a variance on the basis of vested right, and that an unnecessary hardship had not been demonstrated, and therefore denying the variance.

## ORDER

And, this day of July 21, 1983, it is hereby ordered that the order of the Zoning Hearing Board of Northampton Township of December 1, 1982 is affirmed, and the appeal is denied.