Michael R. Simpson and Beverly Simpson, his wife; Leonard Layton and Marjorie Layton, his wife *v.* Borough Council of the Borough of Huntingdon, Borough of Huntingdon. Michael R. Simpson and Beverly Simpson, His wife, Appellants.

Argued May 4, 1984, before Judges DOYLE, COLINS and PALLADINO, sitting as a panel of three.

*Robert B. Stewart, III,* for appellants.

No appearance for appellee.

*David A. Ody, Henry, Corcelius, Gates, Gill & Ody, P.C.,* for intervenor, J. C. Blair Memorial Hospital and Huntingdon County Hospital Authority.

OPINION BY JUDGE PALLADINO, October 4, 1984:

Michael R. Simpson, Beverly Simpson, Leonard Layton and Marjorie Layton (Appellants) appeal from a decision and order of the Court of Common Pleas of Huntingdon County (trial court) which affirmed a decision of the Huntingdon Borough Council (Borough) permitting J. C. Blair Memorial Hospital (Hospital) and Huntingdon County Hospital Authority (Authority) to connect an access road from the Hospital to a Borough street.

The Hospital owns land which abuts the end of Fourteenth Street, a Borough street. In 1980, the Hospital and the Authority received approval from the Borough to construct certain additions and improvements to the Hospital, including a parking lot on that property which abuts Fourteenth Street. Thereafter, the Hospital filed an application with the Borough for land development for the construction of a driveway which would connect the parking lot to Fourteenth Street. Prior to this time, Fourteenth Street had ended at the Hospital's property line. Thus, a result of the Hospital project would be an increase in the flow of traffic on Fourteenth Street. The Hospital agreed to bear the costs for the construction of

curbs, sidewalks and storm sewer facilities along Fourteenth Street.

Appellants, who own land on Fourteenth Street, appealed the Borough's decision to the trial court. The trial court received additional evidence and affirmed the Borough's decision. This appeal followed.

Where the trial court received additional evidence, we must affirm unless that court abused its discretion or committed an error of law. *Abbot v. Commonwealth,* 56 Pa. Commonwealth Ct. 482, 425 A.2d 856 (1981).

Appellants first contend that the Borough's approval of the Hospital's request to construct a driveway ignores that provision of the Borough Zoning Ordinance which provides that "where a driveway or access road gives access to a state road or highway, approval by the Pennsylvania Department of Transportation shall be required." Inasmuch as the record shows that Fourteenth Street is not a State road, the hospital need not have received the approval of Penn-DOT prior to constructing its driveway.

Appellants next contend that increased access to Fourteenth Street should not be permitted because that street does not meet the width requirements of Section 601 of the Borough's Subdivision and Land Development Ordinance. This provision, by its terms, applies only to street improvements in "each new subdivision". Because Fourteenth Street is a preexisting Borough street which is not located in a "new subdivision", the width requirements of that provision are inapplicable.

Finally, Appellants contend that because the Borough's regular engineering firm, Africa Engineering Associates, Inc., was the same engineering firm that worked on the project for the Hospital, a conflict of interest was present. However, as noted by the trial

court, the Borough recognized this potential conflict early in the proceedings and hired an independent engineer to review the Hospital's application. This engineer advised the Borough on the Hospital's application as well as on the specifications for upgrading Fourteenth Street. Moreover, the record indicates that the Hospital also hired an independent engineering firm which reviewed plans for the construction of the driveway and testified at the Borough's hearings on the matter. Thus, it is our view that both parties took the necessary steps to insure an independent and objective review of the application and plans and removed even the appearance of a conflict of interest.

Accordingly, the trial court's order is affirmed.

ORDER

AND Now, October 4, 1984, the order of the Court of Common Pleas of Huntingdon County is hereby affirmed.