Andrew J. Watson and Pauline B. Watson, his wife, Appellants *v.* The Zoning Hearing Board of West Hanover Township, Appellee.

Argued May 6, 1985, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Gregory R. Reed,* for appellants.

*F. R. Martsolf, Connelly, Martsolf & Reid,* for appellee.

OPINION BY JUDGE CRAIG, August 7, 1985:

Andrew and Pauline Watson (objectors) appeal an order of the Court of Common Pleas of Dauphin County which affirmed a decision of the Zoning Hearing Board of West Hanover Township granting approval of a site development plan to expand a nonconforming use on property owned by Lawrence and Betty Jane Houck.

We must determine[1] if the site development plan involves a permissible expansion of a nonconforming use under Article IV of the West Hanover Township Zoning Ordinance, which provides:

D. EXTENSIONS OR ENLARGEMENTS

1. The types of extension and enlargement listed below are permitted for nonconforming uses and buildings on the effective date of the Ordinance.

a. The extension of a nonconforming use of land upon a lot occupied by such use.

At the time the township originally enacted its zoning ordinance in 1968, the Houcks were using two adjoining lots for a masonry contracting business. With the enactment of the ordinance, which zoned the Houcks' property single-family residential (R-S), the masonry contracting business became a legal nonconforming use.

This case involves the Houcks' application, in 1983, for approval of a site development plan to erect a new building on one lot and to expand and enlarge existing structures on the other lot. The zoning hearing board and the court found that both tracts of land had been used in conjunction with the existing busi-

---

[1] When the trial court receives no new evidence, our review is limited to a determination of whether the zoning board abused its discretion or committed an error of law. *Lawrence v. Zoning Hearing Board of Lower Gwynedd Township*, 19 Pa. Commonwealth Ct. 128, 338 A.2d 779 (1975).

ness, and that it had grown continually from its inception and had evolved to include waterproofing of buildings, industrial roofing, general building work, maintenance and sandblasting. The site plan approval rests upon those findings.

The objectors contend that the common pleas court erred in concluding that such evidence supports the conclusion that the Houcks' proposal does not constitute a new or different nonconforming use. The objectors' main claim is that the additional contracting functions are such that the proposal amounts to a request to establish a new and different use, not just to extend an existing one.

When seeking to decide whether an application involves a new use or an extension of an existing one, "we must look to the applicable zoning ordinance's structure as our chief guide with respect to how uses are categorized for the particular municipality." *Gustin v. Zoning Hearing Board of Sayre Borough*, 55 Pa. Commonwealth Ct. 410, 412, 423 A.2d 1085, 1086 (1980); R. Ryan, Pennsylvania Zoning Law and Practice §4.2.1 (1970).

The pivotal issue is whether the West Hanover Township Zoning Ordinance would categorize the original nonconforming use as a contracting business in terms general enough to embrace various types of contractor's work, or would instead require that it be confined to the particular kind of contracting work that the Houcks conducted originally.

Articles XIV and XV of the zoning ordinance, governing the only districts which permit contracting businesses, both use the same overall description of a contracting business. They read:

Article XIV, "M-L" MANUFACTURING DISTRICT:

A. USES PERMITTED

, . . .

6. Contractor's equipment, sales, service, and storage.

Article XV, "M-G" MANUFACTURING DISTRICT:

A. USES PERMITTED

. . . .

8. Contractor's equipment, sales, service, and storage.

Such general language, coupled with the lack of any more specific description of "contractor," indicates that the local lawmakers did not intend to distinguish among specific contracting businesses so as to limit the expansion of the nonconforming use involved here. Clearly, the ordinance does not distinguish a masonry contractor from a roofing contractor or a general contractor.

The cases on which objectors rely involved not just the evolution of a use within a general business category but additional uses which were qualitatively different from the existing uses. *Abbot v. Commonwealth,* 56 Pa. Commonwealth Ct. 482, 425 A.2d 856 (1981), on which the objectors place primary reliance, rejected a proposal to conduct an auto body repair shop open to the general public as opposed to the existing operation which had been confined to the repair of vehicles and construction equipment owned by the business which occupied the premises. *Fiechter v. Zoning Hearing Board of Pennsbury Township,* 73 Pa. Commonwealth Ct. 253, 458 A.2d 616 (1983), refused a proposal to add a convenience market to a service station, two uses classified differently, as in *Gustin,* where the addition of gasoline pumps to a market had been similarly denied. *Ringtown Enterprises, Inc. v. Borough of Ringtown,* 34 Pa. Commonwealth Ct. 349, 383 A.2d 1292 (1978), contrasted a storage place for farm machinery with a proposed repair facility

for tractor-trailer trucks; *In re Mignatti's Appeal,* 403 Pa. 144, 168 A.2d 567 (1961), and *Hilltown Township v. Horn,* 13 Pa. Commonwealth Ct. 248, 320 A.2d 153 (1974), both rejected proposals to add bituminous or asphalt operations to stone quarrying; *Appeal of Lance,* 399 Pa. 311, 159 A.2d 715 (1960), declined to allow a beer distributorship to be added to an existing grocery store business; and in *Daley v. Zoning Hearing Board of Haverford Township,* 75 Pa. Commonwealth Ct. 101, 461 A.2d 347 (1983), this court determined that an electronic games establishment would be intrinsically different from a movie theater.

In the main, these cases did not involve an ordinance provision expressly authorizing the expansion of nonconforming uses as a matter of right, as the ordinance does in this case; some, such as *Fiechter* and *Ringtown,* were based on special exception provisions.

In this case, because the new and former attributes of the enterprise all remain within the contracting business concept, we find no error in the conclusion that the Houcks' site development plan does not propose a new and different nonconforming use.

Accordingly, we affirm.

### Order

Now, August 7, 1985, the order of the Court of Common Pleas of Dauphin County, dated July 30, 1984, at No. 4635 S of 1983, is affirmed.