G. David Austin, et al., Appellants *v.* Zoning Hearing Board of Forks Township, Appellee.

Argued June 6, 1985, before Judges ROGERS, BARRY and PALLADINO, sitting as a panel of three.

*Karl H. Kline,* with him, *Joseph M. Reibman, Reibman and Reibman,* for appellants.

*Robert E. Simpson, Jr., Teel, Stettz, Shimer & DiGiacomo, Ltd.,* for appellee.

Opinion by Judge Rogers, August 23, 1985:

David G. Austin and Vicky K. Austin, husband and wife (appellants), have appealed from an order of the Court of Common Pleas of Northampton County affirming a decision of the Forks Township Zoning Hearing Board (board) which denied in part their application to expand a lawful nonconforming use.

The facts are not in dispute. The appellants own a three-acre parcel of land located along Pennsylvania Route No. 115, a major thoroughfare through Forks Township. There are two acres of apple trees on the tract. Prior to the enactment of the township's zoning ordinance, the appellants' predecessors in title established a business conducted in a garage located behind their dwelling house consisting of the sale of apples, apple cider, pears, cantaloupes, honey and flowers during the months of August through March or April. All of the products sold by the appellants' predecessors were either grown on the premises or produced from things grown on the premises. The township's zoning ordinance and map, enacted in 1968, places the subject property in the Medium Density Residential zoning district in which no commercial uses are permitted.

The appellants purchased the property in 1976 and continued the business of selling products grown on the premises or produced from things grown on the premises until the events about to be described.

In May, 1983, the appellants filed with the board an application[1] to expand their lawful nonconforming

---

[1] The application was for a variance because the township zoning ordinance provided that nonconforming uses might be expanded by application for a variance. Variance principles were not applied in the proceedings below, the case having been heard and decided on the principle that the appellants would be entitled to expand if their proposal conformed to the principles of law generally relating to that subject.

use so that they might keep store hours from 8:00 a.m. to 9:00 p.m., seven days a week, twelve months a year, and expand the product line to include the delicatessen items of cold cuts, salads, specialty cheeses, baked goods and to include also wines produced at a local winery. This application may have been preceded by actual changes in the use of the property made without recourse to the township zoning authorities because the record made by the zoning hearing board reveals that the appellants have erected a sign at the roadside bearing the legend "Austins Orchard and Deli Now Open."

Turning to the Forks Township Zoning Ordinance, we find that "road-side stand" is defined at Section 374 as "an open or enclosed stand situated along the roadway for the purpose of selling farm produce grown on the premises." There are four residential districts, Rural, Low Density, Medium Density and High Density. Roadside stands are permitted only in the Rural Residential District. The use of the garage by the appellants' predecessors and by the appellants before the enactment of the zoning ordinance was as a roadside stand as defined by the zoning ordinance; that is, it was an open or enclosed stand for the purpose of selling farm produce grown on the premises, with the minor expansion established by the predecessors of selling a product or products produced from products grown on the premises, possibly a reference to cider. It was this use which became a lawful but nonconforming use when the zoning ordinance was enacted.

The words "deli" and "delicatessen" are not defined in the ordinance. A delicatessen is defined in the dictionary as a "store where ready-to-eat food products (as cooked or processed meats, cheeses, prepared salads, canned food, preserves, relishes) are sold either to be taken out or to be eaten on the prem-

ises (as in sandwiches)." Webster's Third New International Dictionary 597 (1966).

The board granted the appellants' application concerning the times and hours when the business might be open, but it denied the application to sell merchandise other than products grown on the property or produced from products grown on the property. The court of common pleas affirmed without receiving evidence.

The appellants contend that the board's refusal to allow them to expand their enterprise to include the sale of delicatessen foods and wine denies their constitutional right to expand their nonconforming use of the garage.

A municipality is without power to prevent an owner from making additions to his nonconforming enterprise to provide for its natural expansion and the accommodation of increased trade. *Silver v. Zoning Board of Adjustment*, 435 Pa. 99, 255 A.2d 506 (1969); *Gilfillan's Permit*, 291 Pa. 358, 140 A. 136 (1927). The municipality may, however, refuse an application which, although claimed to be a natural expansion of a nonconforming use, is in fact and law a new or different use.

It is too plain for serious argument to the contrary that the appellants' proposed use is new and different from their previously existing lawful nonconforming use. The sign placed by the appellants advertising the presence of a deli and Mr. Austin's testimony that the appellants desire to sell a wide variety of delicatessen foods and wine establish that the appellants propose to conduct an establishment quite different from their roadside stand where only farm products grown on the land or products produced from products grown on the land were sold. Judge DAVID W. CRAIG has lately collected representative cases in which uses proposed as natural expan-

sions of existing nonconforming uses were held to be new or different uses not entitled to protection of the law:

> Abbot v. Commonwealth, 56 Pa. Commonwealth Ct. 482, 425 A.2d 856 (1981), . . . rejected a proposal to conduct an auto body repair shop open to the general public as opposed to the existing operation which had been confined to the repair of vehicles and construction equipment owned by the business which occupied the premises. Fiechter v. Zoning Hearing Board of Pennsbury Township, 73 Pa. Commonwealth Ct. 253, 458 A.2d 616 (1983), refused a proposal to add a convenience market to a service station. . . . Ringtown Enterprises, Inc. v. Borough of Ringtown, 34 Pa. Commonwealth Ct. 349, 383 A.2d 1292 (1978), contrasted a storage place for farm machinery with a proposed repair facility for tractor-trailer trucks; In re Mignatti Appeal, 403 Pa. 144, 168 A.2d 567 (1961), and Hilltown Township v. Horn, 13 Pa. Commonwealth Ct. 248, 320 A.2d 153 (1974), both rejected proposals to add bituminous or asphalt operations to stone quarrying; Appeal of Lance, 399 Pa. 311, 159 A.2d 715 (1960), declined to allow a beer distributorship to be added to an existing grocery store business; and in Daley v. Zoning Hearing Board of Haverford Township, 75 Pa. Commonwealth Ct. 101, 461 A.2d 347 (1983), this court determined that an electronic games establishment would be intrinsically different from a movie theater.

*Watson v. Zoning Hearing Board of West Hanover Township,* 90 Pa. Commonwealth Ct. 646, 649-650, A.2d , (1985). The appellants' proposal falls within the rulings of these cases. Indeed, *Lance Appeal* is a controlling precedent.

Hence, the board correctly concluded that the appellants' application for their new business enterprise could not be granted.

Order affirmed.

ORDER

AND Now, this 23rd day of August, 1985, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is affirmed.

Judge BARRY did not participate in the decision in this case.