521 A.2d 528

In Re: Appeal of Gerald J. Schneider and Patricia P. Schneider, his wife. Gerald J. Schneider and Patricia P. Schneider, his wife, Appellants.

Argued December 9, 1986, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Glenn R. Diehl,* with him, *W. Robert Landis, W. Robert Landis Associates, P.C.,* for appellants.

*Joseph E. Brion, Lachall, Brion, Cohen & Lawson,* for appellees.

OPINION BY JUDGE DOYLE, February 26, 1987:

Gerald J. Schneider and his wife Patricia P. Schneider (Appellants) appeal from an order of the Court of Common Pleas of Chester County affirming a decision of the Zoning Hearing Board (ZHB) of West Whiteland Township (Township), which upheld the issuance by the Township's zoning officer of a use-and-occupancy permit to George Pegler. We affirm.

In October 1983, Pegler and his wife entered into an agreement of sale to purchase a tract of land (1.4 acres) in the Township from Franklin Funderwhite, including a garage erected thereon. Since 1951, Funderwhite operated a general trucking, hauling, storage and repair business on the property, during the course of which Funderwhite stored numerous tractors, trailers and dump trucks on the property. The garage was built in 1971, before adoption of the present Township zoning ordinance, and Funderwhite received a use-and-occupancy permit from the Township allowing him to store and repair trucks in the garage. Funderwhite's use of the property became a prohibited use following the adoption of the present Township Zoning Ordinance (Ordinance) in 1973, but it is undisputed that at that time, his use of the property constituted a lawful preexisting nonconforming use under the Ordinance.

Pegler is engaged in the trash hauling business in Chester County, and entered into the agreement of sale for the property in order to store his empty trash trucks on the property and repair them in the garage. Following an application by Pegler, the Township in November 1983 issued him a use-and-occupancy permit allowing the "repair and storage of trash trucks and equipment" on the property, subject to a number of detailed conditions.

Appellants as abutting landowners timely appealed to the ZHB from the issuance of the permit. In Febru-

ary 1984 the ZHB affirmed the issuance of the permit,[1] finding, *inter alia,* that Pegler's proposed use of the property was not a different nonconforming use than that of Funderwhite, and therefore was not proscribed by the Ordinance.[2] Appellants appealed to the Court of Common Pleas of Chester County. The Court took no additional evidence and affirmed the ZHB. From this, Appellants appealed to this Court.[3]

We are mindful that the law disfavors nonconforming uses, and that there is no constitutional right to change one nonconforming use to another. *Hanna v. Board of Adjustment,* 408 Pa. 306, 183 A.2d 539 (1962); *Atlantic Richfield Co. Appeal,* 77 Pa. Commonwealth Ct. 310, 465 A.2d 1077 (1983). There is, however, a protected right to continue a lawful nonconforming use. *Grace Building Co., Inc. v. Zoning Hearing Board of Allentown,* 38 Pa. Commonwealth Ct. 193, 392 A.2d 892 (1978).

Accordingly, the sole issue before us is whether Pegler's proposed use of the property is a continuation of a prior, lawful nonconforming use, or whether it is a

---

[1] The ZHB also imposed a number of conditions on the issuance of the use-and-occupancy permit to Pegler. Neither the conditions imposed by the ZHB nor those imposed by the Township are at issue here.

[2] Section 914.5 of the Ordinance provides: "Changes—A nonconforming use of a building or land may not be changed except to a use which is conforming to the present regulations of the Zoning District in which it is located."

It is undisputed that Pegler's proposed use of the property would not conform to the regulations applicable to the C-2 district in which the property is located.

[3] Where, as here, the trial court took no additional evidence, our scope of review is limited to determining whether the Zoning Hearing Board abused its discretion or committed an error of law. *Borough of Franklin Park v. Atlas Development Co.,* 91 Pa. Commonwealth Ct. 417, 497 A.2d 675 (1985).

change from a prior nonconforming use to another nonconforming use that is prohibited by the Township's Zoning Ordinance.

This Court recently enunciated the proper analysis to be utilized in determining whether a proposed use involves a continuance of a lawful nonconforming use or a change to a different use. In *Watson v. Zoning Hearing Board of West Hanover Township*, 90 Pa. Commonwealth Ct. 646, 496 A.2d 878 (1985), we stated that the key is to review the entire applicable zoning ordinance to see how it categorizes uses for the municipality. *See also Gustin v. Zoning Hearing Board of Sayre Borough*, 55 Pa. Commonwealth Ct. 410, 423 A.2d 1085 (1980). What is crucial is whether the zoning ordinance broadly categorizes the original nonconforming use so as to encompass the proposed use or, instead, would classify the original nonconforming use and the new use differently. *Watson.* If the new use is categorized the same as the prior nonconforming use by the zoning ordinance, then it is a strong indication that it should be regarded as a continuance of the nonconforming use, not a change in use.

Our review of the West Whiteland Township Zoning Ordinance in this case reveals no separate categorizations for the use proposed by Pegler (trash-hauling truck terminal, storage and repair) and the prior nonconforming use of Funderwhite (general-hauling truck terminal, storage and repair).

Under the Ordinance, the only district in which a truck terminal is permitted is the I-2 General Industrial District. Section 602.1.c lists as a permitted use a "truck terminal," but does not otherwise define or distinguish among types of truck terminals; nor does any other provision of the Ordinance make a distinction. This indicates that the Township officials did not intend to distinguish among terminals for specific types of

trucks so as to make a trash-hauling truck terminal distinct from a general-hauling truck terminal. *See Watson.*

Accordingly, we are of the opinion that, under the Ordinance, Pegler's proposed use of the property here does not represent a prohibited change in use from the previous lawful nonconforming use, but is simply a continuation of the preexisting lawful nonconforming use.

Affirmed.

## ORDER

Now, February 26, 1987, the order of the Court of Common Pleas of Chester County in the above-captioned matter, dated April 16, 1985, is affirmed.